USDC SCAN INDEX SHEET










```
RYC    12/6/05    10:46
3:05-CV-01958    QUALCOMM INC V. BROADCOM CORPORATION
*10*
*ANS/CNT.*
```

ROBERT S. BREWER, JR. (SBN 65294)
JAMES S. MCNEILL (SBN 201663)
MCKENNA LONG & ALDRIDGE LLP
750 B Street, Suite 3300
San Diego, CA 92101
Telephone:   (619) 595-5400
Facsimile:    (619) 595-5450

WILLIAM F. LEE (*pro hac vice application pending*)
JAMES L. QUARLES III (*pro hac vice application pending*)
MARK D. SELWYN
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Defendant/Counterclaimant
BROADCOM CORPORATION

FILED
05 DEC -5 PM 2:08

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>BROADCOM CORPORATION,<br><br>Defendant.<br><br>BROADCOM CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Counterdefendant. | Case No.  05 CV 01958B (BLM)<br><br>**BROADCOM CORPORATION'S ANSWER AND COUNTERCLAIMS TO QUALCOMM INCORPORATED'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:   Hon. Rudi M. Brewster |

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, the defendant Broadcom Corporation ("Broadcom") answers the allegations

McKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

05 CV 1958

of Qualcomm Incorporated's ("Qualcomm") Complaint for Patent Infringement (the "Complaint") and asserts counterclaims as follows:

## PARTIES

1. Upon information and belief, Broadcom admits the allegations in paragraph 1 of the Complaint.

2. Broadcom admits the allegations in paragraph 2 of the Complaint.

3. Broadcom admits the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Broadcom admits that Qualcomm has alleged patent infringement in this action. No answer is required to the remaining allegations contained in paragraph 4 of the Complaint, which merely state conclusions of law.

5. Broadcom denies that it has committed, and is continuing to commit, acts of infringement in this district. No answer is required to the remaining allegations contained in paragraph 5 of the Complaint, which merely state conclusions of law.

## GENERAL ALLEGATIONS

6. Broadcom denies the allegations contained in paragraph 6 of the Complaint.

## THE PATENTS

7. Broadcom admits that United States Patent No. 5,452,104 (the "'104 Patent") is entitled "Adaptive Block Size Image Compression Method and System"; that the '104 Patent indicates that it was issued by the United States Patent and Trademark Office ("USPTO") on September 17, 1995; that the '104 Patent names Chong U. Lee as its purported inventor; and that an uncertified copy of the '104 Patent is attached to the Complaint as Exhibit 1. Broadcom denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Broadcom admits that United States Patent No. 5,576,767 (the "'767 Patent") is entitled "Interframe Video Encoding and Decoding System"; that the '767 Patent indicates that it was issued by the USPTO on November 19, 1996; that the '767 Patent names Chong U. Lee and Donald Pian as its purported inventors; and that an uncertified copy of the '767 Patent is attached

to the Complaint as Exhibit 2. Broadcom denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Broadcom denies the accuracy of Qualcomm's characterization of the patents-in-suit but otherwise admits the allegations contained in paragraph 9 of the Complaint.

10. Broadcom denies the allegations contained in paragraph 10 of the Complaint.

11. Broadcom denies the allegations contained in paragraph 11 of the Complaint.

## COUNT I

12. Broadcom incorporates its responses to paragraphs 1-11 of the Complaint as though fully set forth herein.

13. Broadcom denies the allegations contained in paragraph 13 of the Complaint.

14. Broadcom denies the allegations contained in paragraph 14 of the Complaint.

15. Broadcom denies the allegations contained in paragraph 15 of the Complaint.

16. Broadcom denies the allegations contained in paragraph 16 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. Qualcomm is not entitled to any relief against Broadcom because Broadcom has not directly or indirectly infringed the '104 Patent and/or the '767 Patent (collectively, "the Qualcomm patents").

### SECOND AFFIRMATIVE DEFENSE

18. One or more of the claims of the Qualcomm patents are invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

19. One or more of the Qualcomm patents are unenforceable against Broadcom because of laches, waiver, or other applicable equitable doctrines.

**FOURTH AFFIRMATIVE DEFENSE**

20. Qualcomm's right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286 and 287. Upon information and belief, Qualcomm has not previously marked its products or otherwise given notice to Broadcom of the Qualcomm patents.

**FIFTH AFFIRMATIVE DEFENSE**

21. Broadcom is exempt from liability for infringement in whole or in part to the extent that any of the alleged inventions described in and allegedly covered by the Qualcomm patents is used, manufactured, or sold by or for Broadcom, its suppliers, and/or its customers pursuant to a license.

**COUNTERCLAIMS**

Broadcom Corporation for its counterclaims against Qualcomm Inc. alleges as follows:

**PARTIES**

1. Counterclaim-plaintiff Broadcom Corporation ("Broadcom") is a corporation organized and existing under the laws of the state of California, with its principal place of business in Irvine, California.

2. Upon information and belief, counterclaim-defendant Qualcomm Incorporated ("Qualcomm") is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business in San Diego, California.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

4. Qualcomm is subject to personal jurisdiction in this District.

5. Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTS**

6. Upon information and belief, Qualcomm claims to be the owner of all rights, titles, and interests in and to the '104 Patent and the '767 Patent (collectively, "the Qualcomm patents").

7. Qualcomm has accused Broadcom of infringement of the Qualcomm patents.

8.  An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more of the claims of the '104 Patent and the '767 Patent.

### COUNT ONE

### (Non-infringement, Invalidity, and Unenforceability of the '104 Patent)

9.  Broadcom repeats and realleges the allegations of the preceding counterclaim paragraphs 1-8 as if fully set forth herein.

10. Broadcom has not directly or indirectly infringed and is not directly or indirectly infringing the '104 Patent, including to the extent that any of the alleged inventions allegedly covered by the '104 Patent is used, sold, or manufactured by Broadcom, its suppliers, and/or its customers pursuant to a license.

11. One or more claims of the '104 Patent are invalid and unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 102, 103, and/or 112.

12. Broadcom is entitled to a declaratory judgment that it has not infringed and is not infringing the '104 Patent, and that the '104 Patent is invalid.

### COUNT TWO

### (Non-infringement, Invalidity, and Unenforceability of the '767 Patent)

13. Broadcom repeats and realleges the allegations of the preceding counterclaim paragraphs 1-8 as if fully set forth herein.

14. Broadcom has not directly or indirectly infringed and is not directly or indirectly infringing the '767 Patent, including to the extent that any of the alleged inventions allegedly covered by the '767 Patent is used, sold, or manufactured by Broadcom, its suppliers, and/or its customers pursuant to a license.

15. One or more claims of the '767 Patent are invalid and unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for

1  patentability under Title 35 of the United States Code, including without limitation, §§ 102, 103,
2  and/or 112.

3      16.    Broadcom is entitled to a declaratory judgment that it has not infringed and is not
4  infringing the '767 Patent, and that the '767 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Broadcom requests the Court to enter a judgment in its favor and against Qualcomm as follows:

    a.    Dismiss the Complaint in its entirety, with prejudice;

    b.    Enter judgment in favor of Broadcom and against Qualcomm;

    c.    Declare that Broadcom has not infringed, and is not infringing, the Qualcomm patents;

    d.    Declare that one or more of the claims of the Qualcomm patents are invalid, void, and/or unenforceable against Broadcom;

    e.    Award Broadcom its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

    f.    Grant such further relief as is just and proper.

Dated: December 5, 2005

McKenna Long & Aldridge LLP

Wilmer Cutler Pickering Hale And Dorr LLP

By: _____
Robert S. Brewer, Jr.
Attorneys for Defendant/Counterclaimant
BROADCOM CORPORATION

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Broadcom demands a trial by jury on all issues so triable.

Dated: December 5, 2005

McKenna Long & Aldridge LLP

Wilmer Cutler Pickering Hale And Dorr LLP

By: _____
Robert S. Brewer, Jr.

Attorneys for Defendant/Counterclaimant
Broadcom Corporation

SD:22141356.1

QUALCOMM INCORPORATED V. BROADCOM CORPORATION
United States District Court Case Nos. 05-CV-1958 B (BLM)

## CERTIFICATE OF SERVICE

I, Jim McNeill, certify that I caused to be served upon the following counsel and parties of record a copy of the following document(s):

- **BROADCOM CORPORATION'S ANSWER AND COUNTERCLAIMS TO QUALCOMM INCORPORATED'S COMPLAINT FOR PATENT INFRINGEMENT**

via personal service, overnight mail (VIA UPS), facsimile or first class mail, as indicated below:

Barry Jerome Tucker, Esq.                              *Attorneys for Plaintiff*
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122
Tel.: (858) 450-8478/**Fax: (858) 450-8499**
**barry.tucker@hellerehrman.com**

**Via E-mail and Personal Delivery**

James R. Batchelder, Esq.                              *Attorneys for Plaintiff*
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110/**Fax: (408) 873-0220**
**jbatchelder@daycasebeer.com**
**cmammen@daycasebeer.com**

**Via E-mail and UPS Overnight**

Nitin Subhedar, Esq.                                   *Attorneys for Plaintiff*
HELLER & EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
Tel: (650) 324-7000/**Fax: (650) 324-0638**
**nitin.subhedar@hellerehrman.com**

**Via E-mail and UPS Overnight**

Louis M. Lupin, Esq.                                   *Attorneys for Plaintiff*
Alexander H. Rogers, Esq.
Roger Martin, Esq.
QUALCOMM INCORPORATED
5775 Morehouse Drive
San Diego, CA 92121
Tel: (858) 658-1121/**Fax: (858) 845-1249**

**Via U.S. Mail**

Executed on **December 5, 2005,** in San Diego, California.

_____
Jim McNeill

SD:22140546.1