1

2

3

4

5

6

7

8

9            **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  QUALCOMM INCORPORATED,                    )       Civil No: 05-CV-1958-B(BLM)
                                              )
13                      Plaintiff,            )
    v.                                        )
14                                            )       **ORDER GRANTING BROADCOM**
    BROADCOM CORPORATION,                     )       **CORPORATION'S REQUEST**
15                                            )       **FOR RECONSIDERATION BY**
                        Defendants.           )       **DISTRICT COURT OF**
16                                            )       **MAGISTRATE JUDGE'S RULING**
    _____          )       **CONCERNING PRODUCTS IN**
17                                            )       **DEVELOPMENT**
                                              )
18                                            )

19

20

21  **I.      INTRODUCTION**

22          Before the Court is Defendant Broadcom Corporation's ("Broadcom") Request for

23  Reconsideration of Magistrate Judge's Ruling Concerning Products in Development filed

24  on October 27, 2006.  Doc. No. 146.  On November 3, 2006, the Court held a hearing on

25  Broadcom's Request.  Having reviewed the papers and oral arguments in favor and

26  opposition thereto, the Court hereby **GRANTS** Broadcom's Request for Reconsideration.

27          On October 24, 2006, the Magistrate Judge granted Plaintiff Qualcomm

28                                            1                    05-CV-1958-B (BLM)

1  Incorporated's ("Qualcomm") motion to compel discovery of Broadcom's fabricated and

2  Field-Programmable Gate Array ("FPGA") prototype H.264 products ("October 24

3  Order").  Doc. No. 144.  The main issue before this Court is whether Broadcom's

4  development of the products at issue constitute "making" under 35 U.S.C. § 271(a)[1] and

5  therefore is discoverable in this lawsuit.  Parasitic to this main issue are the specific

6  discovery and sanction rulings made by the Magistrate Judge in the October 24 Order.  The

7  Court finds that Broadcom's development of the products at issue here did not constitute

8  "making" under 35 U.S.C. § 271(a) and is therefore not discoverable.

9        The Court accordingly **REVERSES** the Magistrate Judge's October 24 Order

10  granting Qualcomm's motion to compel discovery of Broadcom's fabricated and FPGA

11  prototype H.264 products and ordering Broadcom to pay all associated costs including

12  Qualcomm's reasonable attorneys' fees.  The Court **REMANDS** any outstanding or future

13  discovery issues to be resolved by the Magistrate Judge in accordance with this Order.

14

15  **II.    BACKGROUND**

16        Qualcomm filed the present suit against Broadcom for patent infringement on

17  October 14, 2005.  Doc. No. 1.  On October 24, 2006, the Magistrate Judge granted

18  Qualcomm's motion to compel discovery of Broadcom's fabricated and FPGA prototype

19  H.264 products.  October 24 Order.  In this order, the Magistrate Judge granted

20  Qualcomm's request to take the deposition of a Broadcom witness competent to provide

21  testimony regarding Broadcom's fabricated and prototyped H.264 products.  See id. at 16.

22  The Magistrate Judge required that the deposition occur on or before November 6, 2006,

23

24        [1]  The full text of 35 U.S.C. § 271(a) (2001 & Supp. 2006) reads as follows: "Except as

25  otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any

26  patented invention, within the United States or imports into the United States any patented invention

27  during the term of the patent therefor, infringes the patent."

28                                    2                          05-CV-1958-B (BLM)

1   and ordered Broadcom to pay all costs associated with the deposition, including

2   Qualcomm's reasonable attorneys' fees.  See id. at 17.  The Magistrate Judge further

3   granted Qualcomm's request that Broadcom supplement its responses to certain Qualcomm

4   Requests for Production and Interrogatories within seven (7) days of the October 24 Order.

5   See id.

6          On October 27, 2006, Broadcom filed an ex parte application for stay of the October

7   24 Order pending reconsideration by the District Court.  Doc. No. 147.  Broadcom

8   simultaneously filed the present Request for Reconsideration by District Court of

9   Magistrate Judge's Ruling Concerning Products in Development.  Doc. No. 146.  On

10  November 2, 2006, this Court granted Broadcom's ex parte application for stay of the

11  October 24 Order pending resolution of Broadcom's present request for reconsideration.

12  Doc. No. 150.

13         As set forth in the October 24 Order, Qualcomm is seeking to compel oral and

14  written discovery regarding Broadcom's fabricated and prototyped H.264 products, or

15  products in development.  See October 24 Order, p. 4.  As defined by Qualcomm,

16  fabricated products are those products that have been fabricated, but for which a final

17  version has yet to be distributed, i.e., sampled, to customers and potential customers.  See

18  id. at 4 n. 2.  Qualcomm defines prototyped products as products that have yet to be

19  produced in marketable form, but of which prototypes of video encoding components have

20  been created using an FPGA emulation device.  See id.

21         Broadcom has already conceded to providing discovery for products that have been

22  or will be fully designed and sent to the factory for physical fabrication (i.e., "taped out")

23  by the time the trial is set to begin on January 9, 2007.  See id. at 4 - 5.  Broadcom opposes

24  Qualcomm's motion to compel, arguing that the products at issue have not been nor will

25  they be taped out until at least February or March 2007.  See id. at 5.  Therefore, Broadcom

26  argues that these products have not been "made" for purposes of 35 U.S.C. § 271(a) and are

27  not subject to discovery.  See id.

28
                                        3                          05-CV-1958-B (BLM)

1

## III.    DISCUSSION

From the facts set out in the record of the present action, the Court finds that Broadcom's development of fabricated and FPGA prototyped H.264 products does not constitute "making" under 35 U.S.C. § 271(a).  As described to the Court by both parties during the November 3, 2006, hearing regarding the present Request for Reconsideration, before a chipset is taped out, a prototype is designed in the laboratory and subjected to testing in an FPGA, a programmable device in which all logic gates and other points of adjustment appropriate for the chipset can be set on a temporary basis for testing purposes. After testing is complete and the prototype functions as the designer intended it to, the prototype is taped out, creating a blueprint from which the manufacturer can produce the final chip.  Taping out is the final step before chipset production.

Accordingly, the Court finds that taping out is the last event that occurs outside the scope of patent infringement liability under the term "making" in 35 U.S.C. § 271(a).  The moment this tape out is transferred to a manufacturer for the purpose of chipset production is the first step of "making."  Broadcom's H.264 products at issue here apparently have not been taped out yet and will not be before the trial for the present action is set to begin on January 9, 2007.  Broadcom estimates that they will be taped out at the earliest in February or March 2007.  See October 24 Order, p. 5.  No evidence of a transfer date for the tape out was provided.  Therefore, they have not been "made" under § 271(a) and do not infringe the Qualcomm patents at issue here.  As such, the Court finds that they are beyond the scope of discovery in this case.

Qualcomm argues that Broadcom's H.264 products at issue do not fall under the "experimental use" exception to patent infringement liability as laid out by the Federal Circuit.  In Madey v. Duke Univ., 307 F.3d 1351, 1352 (9th Cir. 2002), former Duke University ("Duke") professor Madey had sole ownership of two patents practiced by some of the equipment in his laboratory at Duke.  Duke removed him as director of that

4                        05-CV-1958-B (BLM)

1   laboratory, but continued to operate some of the equipment there, so Madey sued the

2   University for patent infringement.  See id. at 1352 - 53.  The Federal Circuit held that

3   Duke's use of the equipment did not fall under the experimental use exception, since

4   "regardless of whether a particular institution or entity is engaged in an endeavor for

5   commercial gain, so long as the act is in furtherance of the alleged infringer's legitimate

6   business and is not solely for amusement, to satisfy idle curiosity, or for strictly

7   philosophical inquiry, the act does not qualify for the very narrow and strictly limited

8   experimental use defense."  Id. at 1362.

9          However, this Court does not grant Broadcom's request for reconsideration under

10   the "experimental use" exception to patent infringement, but rather on the grounds that

11   development of the H.264 products in question does not constitute "making" under 35

12   U.S.C. § 271(a) and therefore does not constitute patent infringement.  Furthermore, in this

13   case, Broadcom designed prototypes to emulate chip behavior in the testing phase of

14   product development, as any responsible company would do to 1) investigate efficacy and

15   2) ensure that it is not infringing on existing patents.  Unlike Duke in Madey, which used

16   Madey's equipment for its intended laboratory purposes, Broadcom was not using the

17   FPGA prototypes for any actual commercial applications protected by Qualcomm patents.

18   Instead, it was acting as a reasonable company by testing prototypes in order to design a

19   successful next generation chipset that did not infringe on existing patents.  Therefore, the

20   Federal Circuit's reasoning in Madey would not apply here.

21          Qualcomm further argues that a prototype of a device that has not been taped out

22   can constitute "making" under 35 U.S.C. § 271(a) and infringe a patent if it meets the

23   limitations of the asserted patent claims, but does not refer to any persuasive binding

24   precedent in support of its claim.  Ironically, Qualcomm took the opposite stance in the

25   related International Trade Commission ("ITC") proceeding, Inv. No. 337-TA-543,

26   between Qualcomm and Broadcom.  On November 28, 2005, Broadcom moved to compel

27   production of documents related to Qualcomm's products in said ITC proceeding.

28                                                    5

1   Qualcomm opposed this motion, arguing that the chipsets in question (which, incidentally,

2   had already been taped out) were "not commercially available or even available for

3   sample."  Doc. No. 155, Ex. 6, p. 5.  As support, Qualcomm cited to Certain Optical Disk

4   Controller Chips, Inv. No. 337-TA-523, Order 46 (May 2005), in which the Administrative

5   Law Judge ("ALJ") held that products in the "earlier stage of development" may not

6   properly fall within the scope of discovery.[2]  Id. at *11.  Qualcomm there contended that

7   "[w]here, as here, the product has not been shown to customers, it is not appropriate to

8   include the product within the bounds of discoverable material."  Doc. No. 155, Ex. 6, p. 5.

9        In the ITC Proceeding, the ALJ held that "the relevant question is not whether [the

10  Qualcomm chipsets in question] are going to be imported into the United States before the

11  completion of this investigation, but whether the chipsets are in a sufficiently finalized state

12  of development such that information regarding them would lead to the discovery of

13  admissible information."  Doc. No. 155, Ex. 9, p. 5.  In the December 20, 2005, Order, the

14  ALJ noted that "engineering samples of [the Qualcomm chipsets in question] will not be

15  available until March 2006 and December 2006, respectively, and that the commercial

16  availability of [the Qualcomm chipsets in question] are estimated to be available in

17  December 2006 and December 2007, respectively."  Doc. No. 155, Ex. 11, p. 1.  The ALJ

18  therefore held that the Qualcomm chipsets were "not in a sufficiently finalized state of

19  development such that information regarding them would lead to the discovery of

20  admissible information in this investigation" and denied Broadcom's motion to compel.  Id.

21  at 1 - 2.  Broadcom seeks, and the Court finds, development to cease and "making" to start

22  before chipsets are available for sample, if that, as the Court understands, is an event that

23  occurs after tape out.

24

25       [2] The "earlier stage of development" in that case was not defined, except to say that the chip

26  involved "has not been shown to customers."  Certain Optical Disk Controller Chips, Inv. No. 337-

27  TA-523, Order 46, *11 (May 2005).

28                                6                    05-CV-1958-B (BLM)

1    The Magistrate Judge did not have access to the unredacted copies of the parties'

2  briefs and the ALJ's Orders in said ITC proceeding.  Qualcomm was therefore able to

3  convince the Magistrate Judge that the basis for the ITC's denial of Broadcom's motion to

4  compel was the products' "importability" rather than their developmental status.  See

5  October 24 Order, p. 12.  However, as cited above, the ALJ's analysis of the developmental

6  status of the Qualcomm products in question had a building block significance to any

7  following analysis of "importability."  Doc. No. 155, Exs. 9, 11.  This Court finds

8  persuasive the reasoning used by the ALJ in the ITC matter in denying Qualcomm's

9  present motion to compel discovery related to products in development, a position directly

10  advocated by Qualcomm itself in the ITC proceeding, and the facts of this case are a

11  fortiori to Qualcomm's position before the ITC.

12

13  **IV.    CONCLUSION**

14    Accordingly, the Court finds that taping out a chipset is the last event that occurs

15  outside the scope of "making" under 35 U.S.C. § 271(a).  The moment this tape out is

16  transferred to a manufacturer for the purpose of chipset production is the first step of

17  "making" under § 271(a) and the first exposure to patent infringement liability under this

18  term.  Discovery regarding products under the term "making" shall not be allowed until this

19  tape out transfer occurs.

20    The Court therefore **GRANTS** Broadcom's present Request for Reconsideration of

21  Magistrate Judge's Ruling Concerning Products in Development.  The Court **REVERSES**

22  the Magistrate Judge's October 24 Order granting Qualcomm's motion to compel discovery

23  of Broadcom's pre-tape-out fabricated and FPGA prototype H.264 products and ordering

24  Broadcom to pay all associated costs including Qualcomm's reasonable attorneys' fees.

25  The Court further **REMANDS** any outstanding or future discovery issues to be resolved by

26  the Magistrate Judge if necessitated by this Order.

27

28                                          7                          05-CV-1958-B (BLM)

1    **IT IS SO ORDERED**

2

3    DATED:  November 20, 2006

4

5                                        Hon. Rudi M. Brewster
                                         United States Senior District Court Judge
6

7

8    cc:  Hon. Barbara Lynn Major
          United States Magistrate Judge
9

10        All Counsel of Record

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    8                              05-CV-1958-B (BLM)