UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>        Plaintiff,<br><br>v.<br><br>BROADCOM CORPORATION,<br><br>        Defendant.<br><br>BROADCOM CORPORATION,<br><br>        Counterclaimant,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>        Counterdefendant. | Case No. 05cv1958-B (BLM)<br><br>**ORDER DENYING BROADCOM'S MOTION TO STRIKE THE FIRST SUPPLEMENTAL DECLARATION OF IAIN RICHARDSON REGARDING BROADCOM'S INFRINGEMENT OF U.S. PATENT NOS. 5,576,767 AND 5,452,104 AND TO PRECLUDE TESTIMONY REGARDING THE OPINIONS OFFERED THEREIN**<br><br>**[DOC. NO. 172]** |

    This matter is before the Court on Broadcom Corporation's ("Broadcom") Motion to Strike the First Supplemental Declaration of Iain Richardson Regarding Broadcom's Infringement of U.S. Patent Nos. 5,576,767 and 5,452,104 and to Preclude Testimony Regarding the Opinions Offered Therein. Doc. No. 172. Qualcomm Incorporated ("Qualcomm") timely opposed Broadcom's motion on November 29, 2006, and Broadcom

filed its reply on December 1, 2006. The Court took the motion under submission pursuant to Civil Local Rule 7.1(d)(1). Doc. No. 171.

Based on the Court's review of the briefing and all supporting documents submitted, and for the reasons set forth more fully below, Broadcom's Motion to Strike the First Supplemental Declaration of Iain Richardson Regarding Broadcom's Infringement of U.S. Patent Nos. 5,576,767 and 5,452,104 and to Preclude Testimony Regarding the Opinions Offered Therein is **DENIED**. Doc. No. 172.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(C) directs each party to disclose its expert opinion reports "at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Rule 26(e)(1) provides guidance for the filing of supplemental expert reports, mandating supplementation at appropriate intervals "to include information thereafter acquired if ordered by the court," or

> if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

Id.

In the event that a party fails to comply with the expert disclosure deadlines articulated in Rule 26, Rule 37 endows district courts with broad discretion to impose sanctions as a remedy. See Fed. R. Civ. P. 37(c)(1); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that district courts are given "particularly wide latitude" to impose sanctions under Rule

37(c)(1)).  Rule 37 provides, in relevant part,

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).  Although Rule 37(c)(1) is characterized as "self-executing" and "automatic," see Fed. R. Civ. P. 37(c)(1) Advisory Committee's Note (1993), the Ninth Circuit has identified two express exceptions to ameliorate the Rule's harshness: "[t]he information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Yeti by Molly, 259 F.3d at 1106.  The party facing sanctions bears the burden of proof on these issues.  Id. at 1107; see also Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001) (explaining that "it is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction").

## BACKGROUND

On February 15, 2006, the Court issued a scheduling order requiring the parties to serve Rule 26(a)(2) expert disclosures on or before August 4, 2006,[1] and to disclose any contradictory or rebuttal information on or before September 1, 2006.  Doc. No. 54 at ¶ 5.  In accordance with the Court's directive, Qualcomm produced to Broadcom the Declaration of Dr. Iain Richardson Regarding Broadcom's Infringement of U.S. Patent Nos. 5,576,767 and 5,452,104 (the "Opening Report").  See Waugh Decl. Ex. 16.  While Dr. Richardson analyzed a variety of

---

[1] The Court later extended the deadline to disclose opening expert reports to August 10, 2006.  See Doc. No. 90 at ¶ 1.

infringement claims in his Opening Report, he expressly "reserved the right to submit a supplemental declaration addressing the entirety of Broadcom's accused products and related versions of hardware, software, and firmware." Id. at ¶ 18.

Save for some narrowly tailored, specific exceptions not applicable here, all discovery closed in this case on September 29, 2006. See Doc. No. 54 at ¶ 6. On November 10, 2006, without either seeking or obtaining from the Court permission to submit a post-deadline, supplemental expert report, Qualcomm produced to Broadcom the First Supplemental Declaration of Dr. Iain Richardson Regarding Broadcom's Infringement of U.S. Patent Nos. 5,576,767 and 5,452,104 (the "Supplemental Report") currently in dispute. See Waugh Decl. Ex. 25. On November 27, 2006, Qualcomm offered to make Dr. Richardson available for an additional day of deposition questioning on the subject of the Supplemental Report. See id. Ex. 29. Broadcom declined Qualcomm's offer, opting instead to await the Court's resolution of the instant motion. See id. Ex. 32.

**DISCUSSION**

Broadcom argues Qualcomm's November 10, 2006 disclosure of the Supplemental Report is untimely, improper, and prejudicial. Def's Mem. at 6-12. Emphasizing that Qualcomm served the Supplemental Report three months after the expert disclosure deadline, six weeks after the discovery cutoff date, and less than two weeks prior to the date on which pretrial disclosures were due, Broadcom characterizes the Supplemental Report as undeniably untimely. Id. at 1, 4. Broadcom also alleges the Supplemental Report relies primarily on information produced well in advance of the expert discovery deadline, and as such, claims Qualcomm can offer no tenable explanation for the report's delay. Id.

at 6-7. Next, Broadcom declares the Supplemental Report runs afoul of at least three court orders,[2] asserts theories of infringement never before disclosed to Broadcom, and attempts to introduce rebuttal opinions directed to Broadcom's pending motions for summary judgment. Id. at 2, 7-12. Finally, Broadcom insists it will suffer severe prejudice should Qualcomm be permitted to rely upon the opinions contained in the Supplemental Report, underlining that it will be forced to devote its valuable trial preparation time to the analysis and rebuttal of the Supplemental Report's new infringement theories. Id. at 8-12. For all these reasons, Broadcom requests that the Court not only strike the Supplemental Report, but also preclude Qualcomm from offering testimony or other evidence based on the opinions contained therein in support of any motion, at any hearing, or at trial. Id. at 2, 12.

Qualcomm argues that having been served prior to the pretrial disclosures deadline, the Supplemental Report was timely provided under the specific requirements of Federal Rule 26(e)(1). Plf's Opp. at 5-9. Qualcomm also argues that any delay in the Supplemental Report's preparation and service is attributable to Broadcom, noting that Broadcom's alleged failure to provide complete, uncorrupted versions of its source code until after the deadline for initial expert disclosures prevented Dr. Richardson from including any analysis of or opinions

---

[2] In particular, Broadcom maintains the Supplemental Report is in direct violation of (1) the Court's August 4, 2006 Order requiring all expert disclosures to be filed on or before August 10, 2006, see Doc. No. 90, (2) the Court's August 11, 2006 Order denying Qualcomm's request to modify discovery deadlines, see Doc. No. 91, and (3) to the extent that the Supplemental Report accuses Broadcom's FGPA boards of infringement, Judge Brewster's November 3, 2006 bench ruling prohibiting discovery of information with respect to products not "taped out" prior to trial. See also Doc. No. 230 (order memorializing Judge Brewster's November 3, 2006 ruling).

1 regarding that code in his Opening Report.[3] Id. at 6, 10-12. Qualcomm
2 therefore asserts that Broadcom's alleged failure to provide timely
3 discovery, coupled with the breadth and complexity of the after acquired
4 discovery, justifies the Supplemental Report's November 10, 2006
5 disclosure. Id. Lastly, Qualcomm argues Broadcom cannot credibly claim
6 to have suffered prejudice because the Opening Report adequately
7 notified Broadcom of Qualcomm's infringement theories and because
8 Broadcom has been offered the opportunity to re-depose Dr. Richardson.
9 Id. 14-16. Accordingly, Qualcomm asks that the Court deny Broadcom's
10 motion. Id. at 16-17.

11 In this case, the Court finds it inappropriate both to strike the
12 Supplemental Report and to impose the preclusion sanctions Broadcom
13 requests.[4] As an initial matter, Qualcomm and Dr. Richardson
14 unambiguously informed Broadcom that the Opening Report would require
15 supplementation with respect to infringement. See Waugh Decl. Exs. 5
16 (July 11, 2006 letter from Waugh to Saxton, informing counsel that
17 deficiencies in Broadcom's source code production "will almost certainly
18 require" a supplemental expert report on infringement) and 16 (the
19 Opening Report, in which Dr. Richardson reserved the right to supplement
20 his opinions after additional discovery was produced). Thus, Broadcom
21 was aware the Supplemental Report would be forthcoming. In addition,
22 Qualcomm submitted the Supplemental Report prior to the November 20,
23 2006 pretrial disclosures deadline, or within the time expressly
24 allotted for such supplementation under the Federal Rules. See Fed. R.

---

[3] Not surprisingly, Broadcom disputes any claim by Qualcomm that it failed to satisfy its discovery obligations in a timely manner. Def's Reply at 2-3.

[4] The Court notes that any motion regarding the admission or exclusion of evidence at trial is more properly addressed to the judge who will be presiding over the trial.

Civ. P. 26(e)(1) (requiring that "any additions or other changes to [expert reports] shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due"). Although the Court acknowledges that the Supplemental Report was submitted after a number of significant pretrial deadlines, the Court excuses Qualcomm's tardiness due to the vast amount of relevant discovery produced by both parties after the close of fact and expert discovery. Indeed, the Court notes that in terms of compliance with the strenuous discovery deadlines that have long-governed this case, neither party is above reproach. Under these circumstances, and because both parties contributed to the delay in the completion and service of the Supplemental Report, the Court finds the exclusionary sanctions Broadcom seeks inappropriate.

Moreover, the Court finds that the record belies Broadcom's claims of severe prejudice. First, to the extent that the Supplemental Report espouses theories of infringement previously undisclosed to Broadcom in any formal pleading, the Court considers it unlikely, after months of intensive discovery and the disclosure of Dr. Richardson's lengthy Opening Report, that Broadcom has no knowledge or understanding of the nature and specifics of Qualcomm's infringement theories. Second, when presented with the opportunity to re-depose Dr. Richardson on the subject of his Supplemental Report, Broadcom chose not to do so, foregoing the very discovery it now argues the Supplemental Report necessitates. Third, Broadcom has had the Supplemental Report in its possession since November 10, 2006, and thus presumably has reviewed and analyzed the additional opinions set forth therein. Given these facts, the Court finds Broadcom's prejudice arguments to be without merit. See Talbert v. City of Chicago, 236 F.R.D. 415, 421 (N.D. Ill. 2006) (explaining that absent some greater harm to the report's opponent,

1  sound discretion counsels that such supplemental reports be filed); see
2  also Mathers v. Northshore Mining Co., 217 F.R.D. 474, 483 (D. Minn.
3  2003) (finding no severe prejudice as a result of an untimely
4  supplemental report even though the report's opponent relied on an
5  initial report in preparing for summary judgment).

6      In conclusion, the Court finds Broadcom's requested exclusionary
7  sanctions to be inappropriate in this case.  In so finding, the Court
8  makes neither an assessment of nor a ruling with regard to the
9  Supplemental Report's admissibility at trial or in support of any
10 motion.  This determination aside, the Court does find it appropriate
11 to allow Broadcom to re-depose Dr. Richardson regarding the additional
12 infringement opinions set forth in his Supplemental Report.  Given the
13 rapidly approaching trial date, however, any such deposition must be
14 completed on or before **December 31, 2006**.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## **CONCLUSION**

For the foregoing reasons, Broadcom's Motion to Strike the First Supplemental Declaration of Iain Richardson Regarding Broadcom's Infringement of U.S. Patent Nos. 5,576,767 and 5,452,104 and to Preclude Testimony Regarding the Opinions Offered Therein is **DENIED**. Doc. No. 172. To the extent Broadcom chooses to re-depose Dr. Richardson on the subject of his Supplemental Report, that deposition must be completed on or before **December 31, 2006**. By **December 18, 2006**, Qualcomm is ordered to provide Broadcom with three (3) days on which Dr. Richardson is available to be deposed. Broadcom may then choose from those dates the date of the deposition.

**IT IS SO ORDERED.**

Dated: December 14, 2006

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:
HONORABLE RUDI M. BREWSTER
U.S. DISTRICT JUDGE

ALL COUNSEL