UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>        Plaintiff,<br>v.<br><br>BROADCOM CORPORATION,<br><br>        Defendant.<br>_____ | Civil No: 05-CV-1958-B(BLM)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS** |

## I. INTRODUCTION

On December 4 - 5, 2006, the Court held a hearing on Defendant Broadcom Corporation's ("Broadcom") Motion for Leave to File Its First Amended Answer and Counterclaims filed on September 14, 2006. Broadcom seeks to assert an affirmative defense and counterclaim based upon inequitable conduct committed by individual(s) at Qualcomm Incorporated ("Qualcomm"), including Chong U. Lee, a Qualcomm employee and the sole named inventor of U.S. Patent No. 5,452,104 ("the '104 patent"), who were

involved in prosecuting the '104 patent application before the United States Patent and Trademark Office ("PTO"). For the reasons set forth below, the Court hereby **GRANTS** Broadcom's present Motion for Leave to File Its First Amended Answer and Counterclaims and orders Broadcom to file its First Amended Answer and Counterclaims forthwith.

## II.   BACKGROUND

In May 1992, Lee wrote an article entitled "Intraframe Compression of HDTV Image Based On Adaptive Block Size Discrete Cosine Transform." See Broadcom Br., Saxton Decl., Ex. I ("Lee article"). In that article, he cited to two other articles: (1) an article written by C. T. Chen entitled "Transform Coding of Digital Images Using Variable Block Size DCT With Adaptive Thresholding and Quantization" ("Chen article") and (2) an article written by Vaisey and Gersho entitled "Variable Block-Size Image Coding" ("Vaisey article"). See id. at 22. On August 4, 1993, Lee filed the '104 patent application with the PTO, and the patent was issued on September 19, 1995. See '104 Patent.

Qualcomm filed this suit for patent infringement of two patents, including the '104 patent at issue in the present Motion, on October 14, 2005. Doc. No. 1. On November 16, 2005, Broadcom received a fax copy of the Chen and Vaisey articles from the Canada Institute for Scientific and Technical Information. See Qualcomm Opp'n, Smith Decl., Exs. 10-12. Broadcom filed its Answer on December 5, 2005. Doc. No. 10.

On February 17, 2006, Magistrate Judge Major issued a Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings. Doc. No. 54. Pursuant to that order, any motion to amend was to be filed by March 20, 2006. See id. at 4. Fact discovery was to be completed by August 14, 2006, and expert discovery was to be completed by September 29, 2006. See id. at 7. All expert disclosures were to be served by August 4, 2006, and any rebuttal expert reports were to be disclosed by September 1, 2006. See id. at 6. Trial was scheduled to begin on January 9, 2007. See id. at 11.

On April 28, 2006, Broadcom served its Preliminary Invalidity Contentions, in

1 which it named both the Chen and Vaisey articles as invalidating prior art for the '104
2 patent. See Qualcomm Opp'n, Smith Decl., Ex. 2. On June 26, 2006, Qualcomm produced
3 the Lee Article to Broadcom. See Qualcomm Opp'n, Smith Decl., Ex. 5. On June 30,
4 2006, Broadcom took its first deposition of Lee. See Broadcom Br. at 2; Qualcomm Opp'n
5 at 5.

6 On July 24, 2006, Qualcomm informed Broadcom that they "recently discovered
7 and collected additional documents relating to Chong Lee and his work." Broadcom's
8 brief, Ex. A, p. 1. Broadcom then rescheduled Lee's continued deposition from July 26,
9 2006, to August 1, 2006. See Broadcom Br. at 3.

10 In the week before Lee's deposition of August 1, 2006, Qualcomm produced over
11 76,000 pages of documents ("Qualcomm's late July 2006 production"). See Broadcom Br.,
12 Exs. B-E. Among these documents was the Chen article and a photocopy of an envelope
13 postmarked July 11, 1990, from Chen to Lee. See Broadcom Br. at 3-4.

14 On September 8, 2006, Magistrate Judge Major ordered Qualcomm to produce Lee
15 for four more hours of deposition testimony. Doc. No. 94. That deposition was scheduled
16 for September 22, 2006, at which Broadcom questioned Lee about the Chen and Vaisey
17 articles. See Qualcomm Opp'n, Smith Decl., Ex. 3; Qualcomm Opp'n at 5-6.

### III.  DISCUSSION

#### A.  STANDARDS OF LAW

Federal Rule of Civil Procedure 16(b)[1] requires district courts to enter a scheduling

---

[1] Federal Rule of Civil Procedure 16(b) states in relevant part:

> Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>
> (1) to join other parties and to amend the pleadings;

1  order that sets, among other things, the deadlines for parties to amend pleadings and file
2  motions.  After a deadline set in a scheduling order has passed, the party seeking to amend
3  the scheduling order must show "good cause" for the requested additional time.  See FED.
4  R. CIV. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause
5  and by leave of the district judge or, when authorized by local rule, by a magistrate
6  judge.").

7        The Ninth Circuit has held that "[o]nce the district court ha[s] filed a pretrial
8  scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a
9  timetable for amending pleadings that rule's standards control[]" in considering a motion to
10 amend.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).  In such
11 cases, the movant's ability to amend is "governed by Rule 16(b), not Rule 15(a)."  Id. at
12 608.

13       As the Ninth Circuit has held, "[u]nlike Rule 15(a)'s liberal amendment policy
14 which focuses on the bad faith of the party seeking to interpose an amendment and the
15 prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the
16 diligence of the party seeking the amendment."  Id. at 609.  Carelessness offers no reason
17 for a grant of relief.  See id.  Although prejudice to the opposing party may supply
18 additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's
19 reasons for seeking modification."  Id.  If the movant was not diligent, the inquiry should
20 end.  See id.

21

22       **B.  ANALYSIS**
23       The Court shall consider Broadcom's present Motion under the Rule 16(b) "good
24 cause" standard discussed above.  Pursuant to Rule 16(b), Magistrate Judge Major issued a
25 Case Management Conference Order on February 17, 2006.  Doc. No. 54.  Under that

26 ――――――――――
27     (2) to file motions; and
    (3) to complete discovery.
28                                       4                                                  05-CV-1958-B (BLM)

1  order, "[a]ny motion to join other parties, to amend the pleadings, or to file additional
2  pleadings shall be filed on or before March 20, 2006." Id. at 4.  Broadcom did not file the
3  present Motion to Amend until after the deadline on September 14, 2006.  Doc. No. 95.
4  Therefore, as dictated by the Ninth Circuit, this Court considers Broadcom's motion under
5  the "good cause" standard set forth under Rule 16(b).  See Johnson, 975 F.2d at 607.

6  Despite Broadcom's late filing of the present motion to add the affirmative defense
7  and counterclaim of inequitable conduct, this Court finds that Broadcom was diligent in
8  gathering discovery and expert testimony relevant to this newly proposed defense and
9  counterclaim.  Broadcom contends and Qualcomm does not deny that Lee did not disclose
10 the Chen or Vaisey articles to the PTO as prior art during the prosecution of the '104 patent
11 application.  See Broadcom Br. at 4; Qualcomm Opp'n at 6.  The key question before the
12 Court is when Broadcom learned that Lee knew of the Chen and Vaisey articles during the
13 '104 patent application prosecution.

14 Broadcom has been aware of the Chen and Vaisey articles as potentially invalidating
15 prior art well before the filing of the present Motion.  On November 16, 2005, Broadcom
16 received a fax copy of the Chen and Vaisey articles from the Canada Institute for Scientific
17 and Technical Information.  See Qualcomm Opp'n, Smith Decl., Exs. 10-12.  Furthermore,
18 on April 28, 2006, Broadcom served its Preliminary Invalidity Contentions, in which it
19 named both the Chen and Vaisey articles as invalidating prior art for the '104 patent.  See
20 Qualcomm Opp'n, Smith Decl., Ex. 2.

21 However, Broadcom's inequitable conduct contention rests on Lee's awareness of
22 the Chen and Vaisey articles.  On June 26, 2006, Qualcomm produced to Broadcom the
23 1992 Lee Article, in which Lee cites the Chen and Vaisey articles.  See Qualcomm Opp'n,
24 Smith Decl., Ex. 5.  This should have been Broadcom's first notice that Lee knew of the
25 Chen and Vaisey articles as early as May 1992.  According to Qualcomm, Broadcom failed
26 to ask Lee about the Chen or Vaisey articles in his June 30, 2006, deposition.  See
27 Qualcomm Opp'n at 5.  However, as both parties described to the Court, the Lee article
28

was produced to Broadcom amongst over 8,000 pages of production only four days before Lee's June 30 deposition. Thus, the Court finds that Broadcom did not lack diligence in failing to question Lee about the Chen and Vaisey articles in his June 30 deposition.

Broadcom asserts that it did not realize that Lee was aware of the Chen and Vaisey articles until it found the Chen article and the envelope addressed from Chen to Lee in Qualcomm's late July 2006 production. According to Qualcomm, Broadcom also failed to ask Lee about the Chen or Vaisey articles in Lee's second deposition that took place several days later on August 1, 2006. See Qualcomm Opp'n at 5. However, Qualcomm produced the Chen article and envelope amongst more than 76,000 pages over a four-day period the week before Lee's August 1 deposition. See Broadcom Br., Exs. B-E; Broadcom Br. at 3-4. Therefore, the Court finds that Broadcom did not lack diligence in failing to question Lee about the Chen and Vaisey articles in his August 1 deposition.

The Court finds that Broadcom did not lack diligence in filing the present Motion to add the affirmative defense and counterclaim of inequitable conduct on September 14, 2006. Qualcomm refused to produce Lee for further deposition until the Magistrate Judge granted Broadcom's request to re-depose him for an additional four hours "[i]n light of the voluminous documents recently produced by both parties, and good cause appearing" on September 8, 2006. Doc. No. 94, p. 2. That deposition took place on September 22, 2006, at which Broadcom did question Lee about the Chen and Vaisey articles. See Qualcomm Opp'n, Smith Decl., Ex. 3; Qualcomm Opp'n at 5-6.

It is because of this Court's busy calendar that Broadcom's present Motion could not be heard until December 4, 2006, approximately a month before this case is set to begin trial on January 9, 2007. Therefore, the Court will consider this Motion as if it were heard on an expedited basis after its filing in September. However, the Court notes that it has always been amenable to holding expedited hearings when appropriate, which Broadcom is fully aware of, and that Broadcom should have requested one here. Nevertheless, as the Court has found that Broadcom did not act without diligence in filing the present Motion to

amend, the Court holds that Broadcom has demonstrated good cause to amend its answer and counterclaims to include the affirmative defense and counterclaim of inequitable conduct under the Ninth Circuit Rule 16(b) standard discussed above.

## IV. CONCLUSION

Accordingly, the Court hereby **GRANTS** Broadcom's present Motion for Leave to File Its First Amended Answer and Counterclaims. If either party demonstrates a genuine need for extra discovery, depositions, or expert reports, the Court shall allow this in order to facilitate a full and fair trial. Both parties shall work together to get discovery produced, depositions scheduled, and expert reports served in a timely and cooperative manner. The parties declined the Court's offer to reset the trial date because of the Court's late hearing date on this Motion. Therefore, the trial date remains January 9, 2007. Any disputes between the parties as to this additional discovery process shall be presented to the Magistrate Judge, who shall rule in compliance with this Order.

**IT IS SO ORDERED**

DATED: December 15, 2006

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Barbara Lynn Major
    United States Magistrate Judge

    All Counsel of Record