David E. Kleinfeld (Bar No. 110734)
Barry J. Tucker (Bar No. 164163)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122
Telephone: (858) 450-8400

Robert T. Haslam (Bar No. 71134)
Nitin Subhedar (Bar No. 171802)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone: (650) 324-7000

James R. Batchelder (Bar No. 136347)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA  95014
Telephone: (408) 873-0110

Louis M. Lupin (Bar No. 120846)
Alexander H. Rogers (Bar No. 131879)
Roger Martin (Bar No. 195003)
QUALCOMM INCORPORATED
5775 Morehouse Drive
San Diego, CA  92121
Telephone: (858) 658-1121

Attorneys for Plaintiff and Counterdefendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>        Plaintiff,<br><br>    v.<br><br>BROADCOM CORPORATION,<br><br>        Defendant.<br><br>BROADCOM CORPORATION,<br><br>        Counterclaimant,<br><br>    v.<br><br>QUALCOMM INCORPORATED,<br><br>        Counterdefendant. | 05 CV 1958 B (BLM)<br><br>**QUALCOMM INCORPORATED'S REPLY TO BROADCOM CORPORATION'S FIRST AMENDED ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**JUDGE:  HON. RUDI M. BREWSTER** |

Counterdefendant QUALCOMM Incorporated ("QUALCOMM") replies to the allegations set forth in Counterclaimant Broadcom Corporation's ("Broadcom's") Counterclaims as follows:

**PARTIES**

1. Upon information and belief, QUALCOMM admits the allegations of paragraph 1.

2. QUALCOMM admits the allegations of paragraph 2.

**JURISDICTION AND VENUE**

3. QUALCOMM admits the allegations of paragraph 3.

4. QUALCOMM admits the allegations of paragraph 4.

5. QUALCOMM admits the allegations of paragraph 5.

**FACTS**

6. Responding to paragraph 6, QUALCOMM admits that the Qualcomm Patents (as that term is used in Broadcom's Counterclaim) were issued to QUALCOMM as assignee of the inventors. To the extent that the allegations in paragraph 6 are inconsistent with the facts alleged by QUALCOMM, paragraph 6's allegations are so vague and ambiguous that QUALCOMM is unable to form a response, and on that basis denies the allegations except as otherwise expressly admitted herein.

7. QUALCOMM admits the allegations of paragraph 7.

8. Responding to paragraph 8, QUALCOMM admits that an actual case or controversy exists between the parties concerning the infringement and/or validity of one or more claims of the Qualcomm Patents (as that term is used in Broadcom's Counterclaim). QUALCOMM further admits that an actual case or controversy exists between the parties concerning the enforceability of U.S. Patent No. 5,452,104 ("'104 Patent"). Insofar as the unenforceability of U.S. Patent No. 5,576,767 ("'767 Patent") has not been properly or adequately alleged by Broadcom, QUALCOMM denies that an actual case or controversy exists concerning the enforceability of the '767 Patent. The allegations of paragraph 8 are denied except as otherwise expressly admitted herein.

**COUNT ONE**

9. QUALCOMM refers to and incorporates by reference its responses to paragraphs 1-8 of the Counterclaims as though fully set forth herein.

10.     QUALCOMM denies the allegations of paragraph 10.

11.     QUALCOMM denies the allegations of paragraph 11.

12.     QUALCOMM denies the allegations of paragraph 12.

Inequitable Conduct

13.     QUALCOMM denies the allegations of paragraph 13.

14.     Responding to paragraph 14, QUALCOMM admits that the persons identified in paragraph 14 had a duty of disclosure as set forth in 37 C.F.R. § 1.56.  The allegations of paragraph 14 are denied except as otherwise expressly admitted herein.

15.     QUALCOMM denies the allegations of paragraph 15.

16.     QUALCOMM denies the allegations of paragraph 16.

17.     QUALCOMM admits that the '104 Patent was issued to QUALCOMM as assignee of the inventor Dr. Lee on September 19, 1995.

18.     QUALCOMM admits the allegations of paragraph 18.

19.     QUALCOMM admits the allegations of paragraph 19.

20.     QUALCOMM admits the allegations of paragraph 20.

21.     QUALCOMM admits the allegations of paragraph 21.

22.     QUALCOMM admits the allegations of paragraph 22.

23.     QUALCOMM admits the allegations of paragraph 23.

24.     Responding to paragraph 24, QUALCOMM admits that Dr. Lee is the named inventor of the systems, apparatuses, means, and methods claimed in the '104 Patent. QUALCOMM further admits that Dr. Lee had a duty of disclosure as set forth in 37 C.F.R. § 1.56. The allegations of paragraph 24 are denied except as otherwise expressly admitted herein.

25.     Responding to paragraph 25, QUALCOMM admits that Mr. Miller is a named prosecuting attorney for the '104 Patent.  QUALCOMM further admits Mr. Miller had a duty of disclosure as set forth in 37 C.F.R. § 1.56.  The allegations of paragraph 25 are denied except as otherwise expressly admitted herein.

26.     Responding to paragraph 26, QUALCOMM admits that Mr. English is a named prosecuting attorney or patent agent for the '104 Patent.  QUALCOMM further admits Mr. English

had a duty of disclosure as set forth in 37 C.F.R. § 1.56. The allegations of paragraph 26 are denied except as otherwise expressly admitted herein.

27. Responding to paragraph 27, QUALCOMM admits that two papers which state on their face that they were written by C.T. Chen (1958QB0115625-48) were found in a storage box in Dr. Lee's garage in 2006 in or near an envelope postmarked July 11, 1990 (1958QB0115624). The allegations of paragraph 27 are denied except as otherwise expressly admitted herein.

28. Responding to paragraph 28, QUALCOMM admits that one paper found in or near the July 11, 1990, postmarked envelope in Dr. Lee's garage was a paper which stated on its face that it was written by C.T. Chen and entitled "A K-th Order Adaptive Transform Coding Algorithm for Image Data Compression" ("Chen '89") (1958QB0115637-48). QUALCOMM admits that this version of Chen '89 states on its face that it was presented at the Conference on Applications of Digital Image Processing in San Diego, California, in August 1989. The allegations of paragraph 28 are denied except as otherwise expressly admitted herein.

29. Responding to paragraph 29, QUALCOMM admits that one paper found in or near the July 11, 1990, postmarked envelope in Dr. Lee's garage was a paper which stated on its face that it was written by C.T. Chen entitled "Transform Coding of Digital Images Using Variable Block Size DCT with Adaptive Thresholding and Quantization" ("Chen '90") (1958QB0115625-36). QUALCOMM admits that this version of Chen '90 states on its face that it was presented at the Conference on Applications of Digital Image Processing in San Diego, California, in July 1990. The allegations of paragraph 29 are denied except as otherwise expressly admitted herein.

30. The allegations of paragraph 30 are so vague and ambiguous that QUALCOMM is unable to form a response, and on that basis denies the allegations.

31. Responding to paragraph 31, QUALCOMM admits that some figures in the version of Chen '90 found in or near the July 11, 1990, postmarked envelope in Dr. Lee's garage, including "Figure 4. The quadtree corresponding to Fig. 3," appeared familiar to Dr. Lee at his deposition. QUALCOMM further admits that Dr. Lee read at least some portion of that version of Chen '90 between receiving that version and May 1992. The allegations of paragraph 31 are denied except as otherwise expressly admitted herein.

1   32.   The allegations in paragraph 32 are so vague and ambiguous that QUALCOMM is
2   unable to form a response, and on that basis denies the allegations.
3   33.   Responding to paragraph 33, QUALCOMM admits that the version of Chen '90
4   found in or near the July 11, 1990, postmarked envelope in Dr. Lee's garage is related quadtree
5   structures.  The remaining allegations in paragraph 33 are so vague and ambiguous that
6   QUALCOMM is unable to form a response, and on that basis denies the allegations except as
7   otherwise expressly admitted herein.
8   34.   QUALCOMM admits the allegations of paragraph 34.
9   35.   QUALCOMM admits the allegations of paragraph 35.
10   36.   Responding to paragraph 36, QUALCOMM admits that U.S. Patent No. 4,922,341
11   states on its face that it was issued May 1, 1990, and U.S. Patent No. 4,924,309 states on its face that
12   it was issued May 8, 1990.  The allegations of paragraph 36 are denied except as otherwise expressly
13   admitted herein.
14   37.   QUALCOMM admits the allegations of paragraph 37.
15   38.   On information or belief, QUALCOMM admits the allegations of paragraph 38.
16   39.   QUALCOMM admits the allegations of paragraph 39.
17   40.   QUALCOMM admits the allegations of paragraph 40.
18   41.   Responding to paragraph 41, QUALCOMM admits that the article entitled "Variable
19   Block-Size Transform Image Coder" ("Dinstein Article") states on its face that it was both written
20   by Its'Hak Dinstein, *et al.*, and published in November 1990.  The remaining allegations in
21   paragraph 41 are so vague and ambiguous that QUALCOMM is unable to form a response, and on
22   that basis denies the allegations except as otherwise expressly admitted herein.
23   42.   Responding to paragraph 42, QUALCOMM admits that the article entitled
24   "Quadtree-Structured Recursive Plane Decomposition Coding of Images" ("Strobach Article") states
25   on its face that it was both written by Peter Strobach, and published in July 1991.  The remaining
26   allegations in paragraph 41 are so vague and ambiguous that QUALCOMM is unable to form a
27   response, and on that basis denies the allegations except as otherwise expressly admitted herein.
28   43.   QUALCOMM admits the allegations of paragraph 43.

44. On information and belief, QUALCOMM admits the allegations of paragraph 44.

45. QUALCOMM admits the allegations of paragraph 45.

46. Responding to paragraph 46, QUALCOMM admits that the '104 Patent, on its face in the section entitled "Other Publications," cites only articles identified in the July 1990 and January 1992 Information Disclosure Statements. The allegations of paragraph 46 are denied except as otherwise expressly admitted herein.

47. Responding to paragraph 47, QUALCOMM admits that Dr. Lee, Mr. English, Mr. Miller, and anyone else acting on behalf of QUALCOMM did not disclose Chen '90 to the PTO during and in connection with the prosecution of the '104 Patent application. QUALCOMM lacks information sufficient to admit or deny the allegation that the PTO did not consider Chen '90 during the prosecution of the '104 Patent application, and on that basis denies. The allegations of paragraph 47 are denied except as otherwise expressly admitted herein.

48. QUALCOMM admits the allegations of paragraph 48.

49. Responding to paragraph 49, QUALCOMM admits that the article by Dr. Lee entitled "Intraframe Compression of HDTV Images Based on Adaptive Block Size Discrete Cosine Transform" ("Lee Article") describes some video compression techniques known as of May 1992. QUALCOMM further admits that the Lee Article discusses some of the benefits and improvements of the subject matter of Dr. Lee's work that is described in the Lee Article over the art. The allegations of paragraph 49 are denied except as otherwise expressly admitted herein.

50. Responding to paragraph 50, QUALCOMM admits that the Lee Article cites to Chen '90 and an article written by D. Jacques Vaisey and Allen Gersho, entitled "Variable Block-Size Image Coding" ("Vaisey '87"). QUALCOMM lacks information sufficient to admit or deny the allegation that Vaisey '87 was published in Proc. International Conference on Acoustics, Speech, and Signal Processing, and on that basis denies. QUALCOMM further admits that the document bearing bates numbers BCM2-SD3 12212-15 states on its face that it is both written by D. Jacques Vaisey and Allen Gersho and entitled "Variable Block-Size Image Coding." The allegations of paragraph 50 are denied except as otherwise expressly admitted herein.

51. Responding to paragraph 51, QUALCOMM admits that the individuals identified in

1   paragraph 51 did not disclose the Lee Article or Vaisey '87 to the PTO during the prosecution of the
2   '104 Patent application.  QUALCOMM lacks information sufficient to admit or deny the allegation
3   that the PTO did not consider the Lee Article or Vaisey '87 during the prosecution of the '104 Patent
4   application, and on that basis denies.  The allegations of paragraph 51 are denied except as otherwise
5   expressly admitted herein.

6         52.   Responding to paragraph 52, QUALCOMM admits that in the time period from 1990
7   to 1995, Dr. Lee had a general awareness and understanding of his duty of disclosure as set forth in
8   37 C.F.R. § 1.56, but lacked a detailed and specific awareness and understanding of such duty.  The
9   allegations of paragraph 52 are denied except as otherwise expressly admitted herein.

10         53.   QUALCOMM admits the allegations of paragraph 53.
11         54.   QUALCOMM admits the allegations of paragraph 54.
12         55.   Responding to paragraph 55, QUALCOMM admits that Mr. Miller signed both the
13   July 1990 and January 1992 Information Disclosure Statements.  QUALCOMM further admits that
14   Mr. Miller was aware of his duty of disclosure as set forth in 37 C.F.R. § 1.56.  The allegations of
15   paragraph 55 are denied except as otherwise expressly admitted herein.

16         56.   Responding to paragraph 56, QUALCOMM admits that Mr. English was a registered
17   patent agent and was aware of his duty of disclosure as set forth in 37 C.F.R. § 1.56.  The allegations
18   of paragraph 56 are denied except as otherwise expressly admitted herein.

19         57.   QUALCOMM denies the allegations of paragraph 57.
20         58.   QUALCOMM denies the allegations of paragraph 58.
21         59.   QUALCOMM denies the allegations of paragraph 59.
22         60.   QUALCOMM denies the allegations of paragraph 60.
23         61.   QUALCOMM denies the allegations of paragraph 61.
24         62.   QUALCOMM denies the allegations of paragraph 62.
25         63.   QUALCOMM denies the allegations of paragraph 63.
26         64.   QUALCOMM denies the allegations of paragraph 64.

**COUNT TWO**

28         65.   QUALCOMM refers to and incorporates by reference its responses to paragraphs 1-8

of the Counterclaims as though fully set forth herein.

66. QUALCOMM denies the allegations of paragraph 66.

67. QUALCOMM denies the allegations of paragraph 67.

68. QUALCOMM denies the allegations of paragraph 68.

### RELIEF

69. QUALCOMM denies that Broadcom is entitled to the requested relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

70. The '104 Patent is not unenforceable because the version of Chen '90 found in or near the July 11, 1990, postmarked envelope in Dr. Lee's garage was not a printed publication.

71. The '104 Patent is not unenforceable because there was no duty on QUALCOMM, Dr. Lee, Mr. Miller, and/or Mr. English to search for prior art or publications relevant to the subject matter of the '104 Patent.

### SECOND AFFIRMATIVE DEFENSE

72. Chen '90 and Vaisey '87 are each cumulative to at least one reference disclosed to the PTO in the July 1990 or January 1992 Information Disclosure Statements.

73. The '104 Patent is not unenforceable because Chen '90 and Vaisey '87 are not material to the patentability of the '104 Patent as set forth in 37 C.F.R. § 1.56.

74. There is no substantial likelihood that a reasonable examiner would consider either Chen '90 or Vaisey '87 important in deciding whether to allow the '104 Patent application to issue as a patent.

### THIRD AFFIRMATIVE DEFENSE

75. The '104 Patent is not unenforceable because neither Chen '90 nor Vaisey '87 were withheld from the PTO with the intent to deceive.

### FOURTH AFFIRMATIVE DEFENSE

76. The '104 Patent is not unenforceable because neither Chen '90 nor Vaisey '87 meet threshold levels of materiality.

77. The '104 Patent is not unenforceable because the circumstances surrounding the

1  withholding of Chen '90 and Vaisey do not meet threshold levels of intent to deceive.

2      78.    The '104 Patent is not unenforceable because low levels of materiality and intent,
3  when balanced, are not sufficient to show inequitable conduct.

5  Dated:  December 22, 2006      DAY CASEBEER
    MADRID & BATCHELDER LLP

8      By: _____ /s/ Victoria Q. Smith _____
              Victoria Q. Smith

    Attorneys for Plaintiff and Counterdefendant
    QUALCOMM Incorporated