STANLEY YOUNG (Bar No. 121180)
JAIDEEP VENKATESAN (Bar No. 211386)
KYLE ROBERTSON (Bar No. 238914)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
Telephone: +1.650.324.7000
Facsimile: +1.650.324.0638

JAMES R. BATCHELDER (Bar No. 136347)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: +1.408.873.0110
Facsimile: +1.408.873.0220

Attorneys for Plaintiff
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>             Plaintiff,<br><br>     v.<br><br>BROADCOM CORPORATION,<br><br>             Defendant. | Case No.: 05 CV 1958 B (BLM)<br><br>**PLAINTIFF/COUNTERDEFENDANT QUALCOMM INCORPORATED'S BENCH BRIEF RE THE INTRODUCTION OF DEPOSITION TESTIMONY OF CLIFF READER AT TRIAL** |
| BROADCOM CORPORATION,<br><br>             Counterclaimant,<br><br>     v.<br><br>QUALCOMM INCORPORATED,<br><br>             Counterdefendant. | Date:    January 23 2007<br>Ctrm:    2<br>Judge:  Hon. Rudi M. Brewster |

## I. INTRODUCTION

Broadcom, at the last moment, has chosen not to call to testify its retained expert on the JVT standard setting process and intellectual property disclosure rules – Dr. Cliff Reader. Dr. Reader was disclosed by Broadcom as a testifying expert pursuant to Federal Rule of Civil Procedure 26(a)(2) and was included on Broadcom's trial witness list. When it closed its case, QUALCOMM was expecting Dr. Reader to testify in Broadcom's case in chief. Now that Broadcom has suddenly changed course, QUALCOMM in its rebuttal case seeks to introduce into evidence certain deposition testimony provided by Dr. Reader in this action.[1] That testimony will show, among other things, that, if a JVT participant does not submit a technical proposal, there is no requirement to submit the JVT Patent Disclosure form. This brief will identify and discuss the relevant legal authority entitling QUALCOMM to offer such deposition testimony into evidence at trial.

## II. ARGUMENT

"Once a party has designated an expert witness as someone who will testify at trial, the later withdrawal of that designation may neither prevent the deposition of that witness by the opposing party nor the expert's testimony at trial." 6 *Moore's Federal Practice*, § 26.80[1][a] (Matthew Bender, 3d ed. 2006). In this case, Broadcom has designated Dr. Reader as a testifying expert, listed him as a trial witness, and had him attend the trial up until the time Broadcom announced it would not call him. In anticipation of trial, QUALCOMM deposed Dr. Reader on September 28, 2006. Because the highly probative deposition testimony of Dr. Reader will assist the Court and the jury in evaluating the complex issues regarding the JVT that have been presented by the parties at trial, the admission of such testimony is appropriate.

### A. Admission of Broadcom's Expert Deposition Testimony is Governed by Federal Rule of Evidence 403

Several courts that have discussed whether a party is entitled to call at trial an expert designated to testify by the opposing party, but whom the designating party has chosen not to call at

---

[1] Dr. Reader resides in Saratoga, California, which is more than 100 miles from the place of trial. Thus, QUALCOMM is entitled to offer his deposition testimony at trial pursuant to Federal Rule of Civil Procedure 32(a)(3)(B). Dr. Reader was attending the trial up to the evening that Broadcom told QUALCOMM that it would not be calling him to testify.

Heller Ehrman LLP

1
QUALCOMM'S BENCH BRIEF RE THE INTRODUCTION OF DEPOSITION TESTIMONY OF CLIFF READER AT TRIAL - CASE NO. O5 CV 1958 B (BLM)

trial have held that the admission of expert testimony offered by the opponent at trial is governed by Federal Rule of Evidence 403.  *See Rubel v. Eli Lilly & Co.*, 160 F.R.D. 460 (S.D.N.Y. 1995); *Agron v. Trustees of Columbia University*, 176 F.R.D. 445, 449 (S.D.N.Y. 1997); *House v. Combined Ins. Co. of America*, 168 F.R.D. 236, 245-46 (N.D. Iowa 1996).  For instance, in *House v. Combined Ins. Co. of America*, the court held that "once an expert is designated [as expected to be called at trial], the expert is recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available to all parties."  *See* 168 F.R.D. at 245.  The court applied a Rule 403 balancing test.  *Id*. at 246.  The court ultimately concluded that, although defendant had removed its expert from the witness list prior to trial, plaintiff could nonetheless call the defendant's expert to testify at trial.  *Id*. at 249.  Here, Broadcom kept Dr. Reader on its witness list until near the close of its case in chief.

In light of the foregoing authority, this Court should apply a Rule 403 balancing test in deciding whether to admit the proposed deposition testimony of Dr. Reader.[2]

### B.  The Deposition Testimony of Dr. Reader is Highly Probative and is Not Unfairly Prejudicial, and Therefore Should Be Admitted

During his deposition, Dr. Reader provided testimony regarding the patent disclosure requirements of the video compression standards-setting bodies.  This testimony is highly relevant to Broadcom's affirmative defense of waiver, and largely refutes Broadcom's claims in that regard.  (A copy of the testimony of Dr. Reader that QUALCOMM seeks to introduce is attached.)

---

[2] See also *Peterson v. Willie,* 81 F.3d 1033, 1037-38 (11th Cir. 1996) ("Once a witness has been designated as expected to testify at trial there may be situations where the witness should be permitted to testify for the opposing party."); *Collins v. Wayne Corp.*, 621 F.2d 777, 780-82 (5th Cir. 1980) (expert deposition of an opponent could be admitted at trial as a party admission); *Lunghi v. Clarke Equip. Co.*, 153 Cal. App. 3d 485, 489-91 (1984) (improper for the trial court to prevent the plaintiff from introducing the deposition testimony of the defendant's expert at trial); *Broward County v. Cento*, 611 So. 2d 1339, 1340 (Fla. App. 1993) (the court allowed a party to play the deposition testimony of the opponent's expert, despite the fact that the opponent opted not to call the expert to testify at trial); *White v. Vanderbilt University*, 21 S.W.3d 215 (Ten. App. 1999) (trial court erred in preventing plaintiff from introducing the deposition testimony of defendants' expert at trial); *United States v. Meyer*, 398 F.2d 66, 76 (9th Cir. 1968) ("It would be intolerable to allow a party to suppress unfavorable evidence by deciding not to use a retained expert at trial.").

Heller Ehrman LLP

Broadcom will not be unfairly prejudiced by the introduction of Dr. Reader's deposition testimony at trial.  QUALCOMM was entitled to take Dr. Reader's deposition under Federal Rule of Civil Procedure 26(b)(4)(A), and Broadcom made no effort to withdraw Dr. Reader from its list of testifying witnesses prior to the day before it rested its case in chief.  Broadcom attorneys were present at the deposition of Dr. Reader and are familiar with this testimony.  In fact, Broadcom included Dr. Reader on its witness list with full knowledge of the substance of his deposition testimony, and Dr. Reader attended most of the trial.

Should the Court determine that Broadcom would suffer unfair prejudice simply because the admission of Dr. Reader's testimony suggests to the jury that Broadcom is "hiding" unfavorable information, the Court may instruct the parties not to mention how Dr. Reader initially became involved in the case.  *See House,* 168 F.R.D. at 246.

Broadcom has indicated that it wishes to introduce Dr. Reader's unsworn expert report as "supplementation."  That would be improper.  Dr. Reader's expert report is hearsay under Federal Rule of Evidence 801 and does not fall within any applicable exception.  *See Samaritan Health Ctr. v. Simplicity Health Care Plan*, 2006 U.S. Dist. LEXIS 93758, at *33 (E.D. Wis. March 31, 2006) (stating that expert reports are hearsay, as they are prior statements offered into evidence to prove the truth of the matter asserted).  Moreover, unlike his deposition testimony, Dr. Reader's report is not admissible under Federal Rule of Civil Procedure 32.

## III.    CONCLUSION

For the foregoing reasons, QUALCOMM respectfully requests that the Court permit QUALCOMM to introduce into evidence the deposition testimony of Dr. Cliff Reader.

January 23, 2007                                HELLER EHRMAN LLP


                                                By s/Stanley Young
                                                    STANLEY YOUNG
                                                    JAIDEEP VENKATESAN

                                                Attorneys For Plaintiff
                                                QUALCOMM INCORPORATED

Heller Ehrman LLP

QUALCOMM'S BENCH BRIEF RE THE INTRODUCTION OF DEPOSITION TESTIMONY OF CLIFF READER AT TRIAL - CASE NO. O5 CV 1958 B (BLM)