UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>      Plaintiff,<br>v.<br><br>BROADCOM CORPORATION,<br><br>      Defendants.<br>_____ | Civil No: 05-CV-1958-B(BLM)<br><br>**ORDER GRANTING BROADCOM CORPORATION'S MOTION FOR EXCEPTIONAL CASE FINDING AND FOR AN AWARD OF ATTORNEYS' FEES (35 U.S.C. § 285)** |

## I.    INTRODUCTION

Before the Court is Defendant Broadcom Corporation's ("Broadcom") Motion for Exceptional Case Finding and For an Award of Attorneys' Fees (35 U.S.C. § 285) filed on May 29, 2007. (Doc. No. 542.) For the reasons set forth below, the Court **GRANTS** Broadcom's Motion.

## II.    BACKGROUND

See the Court's Order on Remedy For Finding of Waiver, filed concurrently with the instant Order, for the relevant procedural history and analysis for the present Motion, which is incorporated herein as though set forth in full. Following Plaintiff Qualcomm Incorporated's ("Qualcomm") post-trial production of over two hundred thousand pages of highly relevant emails, company correspondence, and memoranda to Broadcom, Broadcom filed the present Motion. (Doc. No. 542.)

## III.   DISCUSSION

### A.   STANDARD OF LAW

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (West 2007). In patent infringement cases, the Federal Circuit has held that an award of attorney fees under Section 285 involves a two-part determination: (1) "a district court must determine whether the prevailing party has proven an exceptional case by clear and convincing evidence," a factual determination that the Federal Circuit reviews for clear error; and (2) "if the district court finds the case exceptional, it must then determine whether an award of attorney fees is appropriate," which the Federal Circuit reviews for abuse of discretion. Perricone v. Medicis Pharm. Corp., 432 F.3d 1368, 1380 (Fed. Cir. 2006).

The Federal Circuit has further held that the trial judge is in the best position to weigh the relevant considerations for exceptional case, "such as the closeness of the case, the tactics of counsel, the flagrant or good faith character of the parties' conduct, and any other factors contributing to imposition of punitive sanctions or to fair allocation of the burdens of litigation." Id. "[L]itigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional." Waner v. Ford Motor Co., 331 F.3d 851, 857 (Fed. Cir. 2003) (quoting Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir. 2002)).

The prevailing party may prove exceptional case in a patent infringement suit by

1  showing: "inequitable conduct before the PTO; litigation misconduct; vexatious,
2  unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement."
3  Phonometrics, Inc. v. Westin Hotel Co., 350 F.3d 1242, 1246 (Fed. Cir. 2003) (quoting
4  Epcon Gas Sys., 279 F.3d at 1034).  When the patentee is "manifestly unreasonable in
5  assessing infringement, while continuing to assert infringement in court, an inference is
6  proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or
7  gross negligence."  Id. (quoting Eltech Sys. Corp. v. PPG Indus., Inc., 903 F.2d 805, 811
8  (Fed. Cir. 1990)).

10  **B.    ANALYSIS**

11  On October 14, 2005, Qualcomm filed the present suit against Broadcom for
12  infringement of the U.S. Patent Nos. 5,452,104 ("the '104 patent") and 5,576,767 ("the
13  '767 patent").  (Doc. No. 1.)  On January 26, 2007, a jury unanimously returned a verdict in
14  favor of Broadcom and against Qualcomm of non-infringement of the '104 and '767
15  patents.  (Doc. No. 499.)  Furthermore, the Court found in favor of Broadcom and against
16  Qualcomm as to Broadcom's affirmative defense that the '104 and '767 patents are
17  unenforceable due to waiver.  (Doc. No. 528.)  Therefore, the Court **FINDS** Broadcom to
18  be the prevailing party in the present Action.
19  Citing the misconduct of Qualcomm's employees, witnesses, and counsel before,
20  during, and after trial discussed at great length in Section III-B in the Court's Order on
21  Remedy for Finding of Waiver filed concurrently with the present Order, the Court **FINDS**
22  the prevailing party Broadcom to have proven this to be an exceptional case by clear and
23  convincing evidence based on (1) Qualcomm's bad faith participation in the H.264-
24  standard-setting body, the Joint Video Team ("JVT"); and (2) the litigation misconduct of
25  Qualcomm through its employees, hired outside witnesses, and trial counsel during
26  discovery, motions practice, trial, and post-trial proceedings.
27  Based on the egregiousness of Qualcomm's conduct regarding the JVT and

throughout the present litigation, the Court **FINDS** an exceptional case status has been established.

Broadcom also has proven that the enumerated misconduct of Qualcomm establishes the entitlement of Broadcom to all attorneys' fees, expenses, and costs incurred in the defense of this case. As Qualcomm's General Counsel ironically but revealingly described the lawsuit as quoted in the San Diego Union-Tribune on January 27, 2007,

> There certainly was a significant upside potential for us, but it was all upside, no downside. . . . For Broadcom, it was all downside, no upside. It probably won't have any impact on us one way or the other. It's just the latest round in a series of battles.

(Doc. No. 543-2, Ex. Q at 2.)   Once Qualcomm had positioned itself so as to have the potential power to exclude or to compel separate licenses from anyone seeking to make, use, or sell H.264-compliant products, that upside potential was very real. Broadcom was forced to incur substantial litigation expense because of that potential wrongfully created by Qualcomm; allowance of all litigation expenses to Broadcom is warranted and appropriate under the circumstances created by Qualcomm as outlined above.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the prevailing party Broadcom all reasonable attorneys' fees, court costs, expert witness fees, travel expenses, and any other litigation costs reasonably incurred by Broadcom in litigating the present Action. Broadcom shall complete an itemized detailed list of all fees and costs, including such information as whether the bill was paid, work description, date, identification of person working, billing rate, and the number of hours spent on each work project, so that the bill may be fairly reviewed by Qualcomm, and if necessary, a hearing held to resolve any disagreements over the claimed bill.

Broadcom shall file its requested statement of expenses on or before August 31, 2007. Qualcomm shall file objections, if any, on or before September 14, 2007, and

Broadcom may file a reply, if any, on or before September 21, 2007. Hearing, if necessary, will be conducted by the Magistrate Court with Report and Recommendation submitted to this Court for further dispositive Order as appears appropriate.

The determination of these fees and costs shall not toll the time to appeal the Judgment entered concurrently with the present Order.

**IT IS SO ORDERED**

DATED: August 6, 2007

*[signature]*

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Barbara Lynn Major
    United States Magistrate Judge

    All Counsel of Record