UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,        ) | Case No. 05cv1958-B (BLM) |
| )  | |
| Plaintiff,    ) | **ORDER DENYING MOTION FOR AN** |
| ) | **ORDER DETERMINING THAT THE** |
| v.                           ) | **FEDERAL COMMON LAW SELF-** |
| ) | **DEFENSE EXCEPTION TO** |
| BROADCOM CORPORATION,         ) | **DISCLOSING PRIVILEGED AND/OR** |
| ) | **CONFIDENTIAL INFORMATION** |
| Defendant.    ) | **APPLIES** |
| ) | |
| ) | [Doc. Nos. 634, 635, 643] |
| AND RELATED COUNTERCLAIMS.    ) | |
| ) | |

For the reasons stated in this order and on the record during today's hearing, the Court **DENIES** the Motion for an Order Determining that the Federal Common Law Self-Defense Exception to Disclosing Privileged and/or Confidential Information Applies to the Heller Attorneys'[1] Response to the Order to Show Cause [Doc. Nos. 634, 635,

---

[1] David E. Kleinfeld, Heidi Gutierrez, Barry J. Tucker, Kyle Robertson, Jaideep Venkatesan, and Stanley Young of HellerEhrman, LLP ("Heller attorneys") filed the motion on September 17, 2007.  Doc. No. 634.  On September 18, 2007, the following attorneys from Day Casebeer conditionally joined in the Heller attorneys' motion: James R. Batchelder, Craig H. Casebeer, Christian E. Mammen, Ruchika Agrawal, Kevin K. Leung, Howard T. Loo, William P. Nelson, Ryan Scher, Victoria Q. Smith, Bradley A.
(continued...)

643].

Initially, the Court finds that federal common law governs the privilege issues in the instant dispute because the underlying case involves federal questions of law, specifically patent law. See Fed. R. Evid. 501; Agster v. Maricopa, 422 F.3d 836, 839 (9th Cir. 2005). However, the Court holds that the federal self-defense exception does not apply to the instant situation in which a client and its attorneys are alleged to have engaged in discovery misconduct during the course of litigation and the case has not concluded. Unlike the cases cited in the pleadings and during the hearing (see, e.g., In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig., 120 F.R.D. 687 (C.D. Cal. 1988) and Application of Friend, 411 F. Supp. 776 (S.D.N.Y. 1975)), the instant dispute does not involve a new suit or potential suit by a third party against the attorneys nor has the client initiated any complaints or allegations against its attorneys. Because Qualcomm has not waived the attorney-client privilege and this Court holds that the self-defense exception is not applicable, the attorneys' declarations should not include privileged communications. The declarations, however, may include information protected by the attorney work product doctrine. Because federal common law mandates that work product is a privilege that belongs to the attorney, the Court finds that if the attorneys choose to waive the attorney work product privilege in their declarations, doing so does not violate the attorneys' ethical duties and professional responsibilities under Rule

---

[1](...continued)
Waugh, and Roy V. Zemlicka ("Day Casebeer attorneys"). Doc. No. 635. The next day, Lee Patch filed a notice of joinder in the conditional joiner by the Day Casebeer attorneys. Doc. No. 643.

3-100 of the California Rules of Professional Conduct, Section 6068 of the California Business and Professions Code, or other applicable regulations.

In light of the Court's ruling, all of the lodged documents are to be returned to the party who lodged them. All attorneys who wish to file declarations or legal argument in response to the Court's Order to Show Cause must do so on or before October 3, 2007. If Qualcomm wishes to provide facts regarding its role in the alleged misconduct, it must file its declaration(s) on or before October 3, 2007. Qualcomm and Broadcom may file pleadings responding to those filed by the attorneys on or before October 9, 2007.

**IT IS SO ORDERED.**

DATED: September 28, 2007

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE RUDI M. BREWSTER
UNITED STATES DISTRICT JUDGE

ALL COUNSEL