# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INC.,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>BROADCOM CORP.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 05-CV-1958-RMB (BLM)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION ON AMOUNT OF ATTORNEYS' FEES AND OTHER EXPENSES<br><br>[Doc. No. 715] |

On August 6, 2007, the Court granted Defendant Broadcom Corporation's motion for exceptional case finding pursuant to 35 U.S.C. § 285 of the patent statute. [# 594]   The Court incorporated its Order on Remedy for Finding of Waiver, which documented Plaintiff Qualcomm Inc.'s egregious litigation misconduct, into its decision on the exceptional case finding. [# 593].  The Court found that Broadcom was entitled to recover all reasonable attorneys' fees, court costs, expert witness fees, travel expenses, and any other litigation costs reasonably incurred in this action.  The Court instructed Broadcom to submit its detailed billing statements for review and referred the calculation of the amount of the award to the Magistrate Judge.  Also, the Court entered Judgment in favor of Broadcom.

Broadcom filed those petitions and sought $8,568,633.24 in attorneys' fees, litigation expenses, and expert witness fees as well as prejudgment and post-judgment interest.  Qualcomm did not oppose these requests.  The Magistrate Judge issued the Report and Recommendation on October 29, 2007 and instructed Qualcomm that objections must be filed by November 13, 2007.  No objections were filed.

The Court has read and reviewed the Magistrate Judge's Report and Recommendation on the amount of fees and expenses and adopts it in full. The "lodestar" calculations of the number of hours and hourly rates are reasonable and supported by the submissions and the record of this complex litigation. The litigation costs were distinct from those taxed by the Clerk of the Court, and were necessary to the defense of the litigation. *Mathis v. Spears*, 857 F.2d 749, 757-59 (Fed. Cir. 1988). The Court expressly authorized reimbursement for expert witnesses and Broadcom has documented those fees. *Id.*

In addition, the Magistrate Judge found inherent equitable power to award Broadcom prejudgment interest on the $8 million attorneys' fee award from the date the complaint was filed to the last day of trial.[1] The Court affirms that finding based upon the nature and degree of Qualcomm's bad faith litigation misconduct. *Id.* at 760-61. Postjudgment interest is authorized by statute, and the Court adopts the Magistrate Judge's recommendation of an interest rate of 4.91% accruing from August 6, 2007. *Id.* at 759-60.

## Conclusion

The Court adopts in its entirety the unopposed Report and Recommendation Granting Defendant's Corrected Petition for Attorneys' and Experts' Fees, Costs, and Expenses. The Court awards Broadcom $8,568,633.24 in attorneys' fees, expert fees, and litigation costs. The Court awards Broadcom $691,351.85 in prejudgment interest. Postjudgment interest shall accrue at a rate of 4.91% from August 6, 2007 until the date of payment. Qualcomm shall pay this award with an appropriate adjustment for the accrued post-judgment interest.

IT IS SO ORDERED.

DATED: December 11, 2007

Hon. Rudi M. Brewster
United States Senior District Judge

---

[1] Broadcom offered the calculation for the prejudgment interest award and Qualcomm did not object to the dates selected to make that calculation. *See Bio-Rad Labs. Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986).