# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INC.,<br><br>    Plaintiff,<br>vs.<br><br>BROADCOM CORP.,<br><br>    Defendant.<br>and related Counterclaims | CASE NO. 05CV1958-RMB (BLM)<br><br>ORDER REMANDING IN PART ORDER OF MAGISTRATE COURT RE MOTION FOR SANCTIONS DATED 1/07/08 |

The Court referred Defendant Broadcom's oral trial motion for sanctions regarding the production of documents to the Magistrate Court, whereupon Defendant filed a written motion for sanctions against Qualcomm on March 29, 2007. Following an oral hearing on July 26, the court expanded the sanction proceedings by issuing an Order to Show Cause ("OSC") to nineteen attorneys as to why attorney sanctions should not be imposed for failure to comply with discovery.

On September 17, six of the named retained attorneys filed a Motion for an Order Determining that the Federal Common law Self-Defense Exception to Disclosing Privileged and/or Confidential Information Applies to the sanctions motion. All the remaining named retained attorneys joined in this motion. After an accelerated briefing schedule, this intervening motion was heard on September 28, and denied on the same date.

On October 3, Qualcomm and all retained attorneys filed declarations and briefs on the sanction motion and OSC and the court heard the matter on October 12.

On January 7, 2008, the court filed its order of sanctions against Qualcomm and six of the retained attorneys, Messrs. Batchelder, Bier, Leung, Mammen, Patch and Young. Qualcomm did not file objections to the Order, and the Order is final as to it. No objections were filed by the thirteen retained attorneys who were dismissed without sanction by the court. Timely objections were filed by the above six retained attorneys (hereafter objectors) pursuant to 28 U.S.C. § 636, which are before this Court.

To prepare to rule on the objections, the Court has reviewed the complete record of the proceedings in the Magistrate Court, including the legal briefs, transcripts of the three hearings, the declarations, the exhibits, trial briefs referred to in the sanction papers, with their exhibits and various briefs and exhibits filed in the main action which were referred to in the sanction proceedings.

The underlying facts are fully outlined in the above papers and the Court will not repeat them here.

## SUMMARY OF CONCLUSIONS

1. The Magistrate Court has jurisdiction to hear and rule on all issues that are before it, including sanctions.
2. The Magistrate Court Order filed on January 7, 2008, is vacated and remanded only with regard to the six objectors – Messrs. Batchelder, Bier, Leung, Mammen, Patch and Young.
3. In any further hearing ordered by the Magistrate Court, the objectors may defend the OSC as to their conduct by any and all procedures permitted

1  by the Magistrate Court, including but not limited to, declarations,
2  depositions and testimony of objectors as well as any other percipient
3  witnesses. Broadcom has standing to fully participate. Qualcomm shall
4  be permitted, but not required, to fully participate in the proceedings
5  without any exposure to further sanctions of Qualcomm or any of its
6  employees because of the finality of the order as to it, which in fact is
7  nearly fully satisfied.

8  The objectors shall not be prevented from defending their conduct by the
9  attorney-client privilege of Qualcomm and its employees and representatives
10 because of the application of the self-defense exception to the attorney-client
11 privilege of Qualcomm.

12 On any further proceedings ordered by the Magistrate Court, its discretion
13 regarding responsibility and sanctions, if any, are not limited, either upwardly
14 or downwardly, by the Order of Remand.

## ANALYSIS

### JURISDICTION

17  This Court reviews any request for reconsideration of a non-dispositive
18 order by de novo review of issues of law and clear error for issues of fact. 28
19 U.S.C. § 636 (b)(1)(A). The Magistrate Court has jurisdiction to conduct the
20 sanction hearing. Id.

21 The Magistrate Court, together with the mandates of CCP§§ 26-37 has
22 statutory and inherent power to enforce rules of discovery in its discretion,
23 whether the rules are violated by specific order or by the inherent power of the
24 Magistrate Court to enforce the panoply of the common law and rules of
25 discovery contained above. See, e.g., Maisonvill v. F2 Am., Inc., 902 F.2d 746,
26 747-48 (9th Cir. 1990); McLeod, Alexander, Powel & Apffel, P.C. v. Fred H.
27 Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).

28 //

The court's order on review here is clearly within the jurisdiction of the Magistrate Court.  The other miscellaneous procedural jurisdictional arguments are without merit, and in any event are moot because of this Order of Remand.

### SELF DEFENSE EXCEPTION TO ATTORNEY-CLIENT PRIVILEGE ASSERTED BY QUALCOMM

Before the first oral hearing on the motion for sanctions, Qualcomm asserted the attorney-client privilege.  Broadcom and Qualcomm each filed a brief (and Broadcom a reply brief) on the merits of the motion for sanctions.  No OSC had yet been issued by the court.  A careful reading of the Qualcomm brief reveals two salient points:

1. Qualcomm filed no declarations in its defense;
2. Nothing in the Qualcomm brief criticized its counsel, other than two passing unsworn comments regarding conduct by its attorneys as follows:
    a. Qualcomm brief Opposition to Sanctions 6/22/07, p.4, lines 7-9 – "Thereafter, Broadcom learned from Qualcomm that Qualcomm and its attorneys had failed to search for certain documents related to Qualcomm's involvement with the JVT."
    b. Qualcomm brief, p. 18, lines 16-18 – "None [Irvine, Raveendran, and Determan] had the benefit of any documents to refresh their recollections on the matter for which they have now been accused of falsely testifying."

The retained attorneys thereafter filed the above-referenced motion for a finding of a self-defense exception to Qualcomm's asserted attorney-client privilege.

The self-defense motion was unopposed by Qualcomm, if the hearing could be sealed, and with Broadcom excluded, which was not acceptable to

1 Broadcom. Broadcom did not oppose the motion. The court's order denying the
2 motion is supported primarily because Qualcomm had not presented any
3 evidence, such as declarations, against its attorneys. Thus, no adversity
4 between Qualcomm and its attorneys was presented by Qualcomm.

5 All parties and counsel were then invited to file whatever declarations or
6 evidence they desired the court to have in deciding the motion for sanctions,
7 which was set for hearing on October 12.

8 Thereafter, on October 3, all parties filed declarations. Qualcomm filed
9 four declarations of employees, in spite of the fact it had maintained its position
10 of invoking attorney-client privilege. All four declarations were exonerative of
11 Qualcomm and critical of the services and advice of their retained counsel. None
12 were filed under seal.

13 This introduction of accusatory adversity between Qualcomm and its
14 retained counsel regarding the issue of assessing responsibility for the failure
15 of discovery changes the factual basis which supported the court's earlier order
16 denying the self-defense exception to Qualcomm's attorney-client privilege.
17 Meyerhofer v. Empire Fire & Marine Ins. Co., 497 F.2d 1190, 1194-95 (2d Cir.
18 1974); Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975); First Fed. Sav. &
19 Loan Ass'n v. Oppenheim, Appel, Dixon & Co., 110 F.R.D. 557, 560-68
20 (S.D.N.Y. 1986); A.B.A. Model Rules of Prof. Conduct 1.6(b)(5) & comment 10.

21 Accordingly, the court's order denying the self defense exception to the
22 attorney-client privilege is vacated. The attorneys have a due process right to
23 defend themselves under the totality of circumstances presented in this
24 sanctions hearing where their alleged conduct regarding discovery is in conflict
25 with that alleged by Qualcomm concerning performance of discovery
26 responsibilities. See, e.g., Miranda v. So. Pac. Transp. Co., 710 F.2d 516, 522-
27 23 (9th Cir. 1983).

28 //

The exception applying, the communications and conduct relevant to the topic area of records (electronic or other) discovery pertaining to JVT and its parents, its ad-hoc committees, and any other topic regarding the standards-setting process for video compression technology is not privileged information. Weil v. Investment/Indicators, Research & Mgmt., Inc., 647 F.2d 18, 24 (9th Cir. 1981).

## CONCLUSION

Based upon the above, the court order only insofar as it concerns the objectors is vacated and remanded to the Magistrate Court for further proceedings in the discretion of the court not inconsistent with this Order.

DATED: March 5, 2008

Hon. Rudi M. Brewster
United States Senior District Judge