1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   QUALCOMM INCORPORATED,              )   Case No. 05cv1958-B (BLM)
                                         )
12                    Plaintiff,         )   **ORDER DENYING BROADCOM**
                                         )   **CORPORATION'S MOTION FOR**
13   v.                                  )   **RECONSIDERATION**
                                         )
14   BROADCOM CORPORATION,               )   [Doc. No. 820]
                                         )
15                    Defendant.         )
                                         )
16   ─────────────────────────────      )
     BROADCOM CORPORATION,               )
17                                       )
             Counterclaimant,            )
18                                       )
     v.                                  )
19                                       )
     QUALCOMM INCORPORATED,              )
20                                       )
             Counterdefendant.           )
21                                       )
     ─────────────────────────────      )
22

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                                              05cv1958-B (BLM)

In the motion presently before the Court, Broadcom Corporation ("Broadcom") asks this Court to reconsider its ruling regarding the Court's jurisdiction pending Qualcomm Incorporated's ("Qualcomm") appeal. Doc. No. 820.

On May 5, 2008, Qualcomm filed a notice of appeal of Judge Brewster's March 5, 2008 "Order Remanding in Part Order of Magistrate Court re Motion for Sanctions Dated 1/07/08" ("Remand Order"). Doc. No. 790. On May 19, 2008, attorneys Batchelder, Mammen, Leung and Patch filed notices of cross appeal. Doc. Nos. 797, 798. On its own motion, this Court issued an order on May 29, 2008, vacating all pending hearing dates because the Court concluded that, as a result of the appeal and cross appeals, jurisdiction has been transferred from this Court to the United States Court of Appeals for the Federal Circuit. Doc. No. 812.

On June 6, 2008, Broadcom filed a motion for reconsideration of that order. Doc. No. 820. Qualcomm filed a timely response [Doc. No. 825], Responding Attorney Young filed a statement of non-opposition [Doc. No. 826], and Responding Attorneys Batchelder, Mammen and Leung jointly filed a statement of non-opposition [Doc. No. 821]. Broadcom filed a reply on June 27, 2008 [Doc. No. 829], and the Court took the matter under submission pursuant to Civil Local Rule 7.1(d)(1) [Doc. No. 828].

Having reviewed the briefing submitted, and for the reasons set forth below, Broadcom's motion is **DENIED**.

<u>DISCUSSION</u>

As an initial matter, the Court notes that Broadcom brings its motion pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 7.1(i)(1). Broadcom Mem. at 4. Rule 60 provides that "[o]n motion and just terms, the court may relieve a party or its

legal representative from a final judgment, order, or proceeding for the following reasons ... mistake, inadvertence, surprise, or excusable neglect..." Fed. R. Civ. P. 60(b)(1). Civil Local Rule 7.1(i)(1) applies where a party has previously applied for relief and seeks reconsideration of the court's order denying relief. CivLR 7.1(i)(1). Neither rule is applicable to this case because this Court's May 29, 2008 order was not a final, appealable order[1] nor was it issued following application by either party. However, because the Court appreciates that the federal and local rules do not provide a clear procedure for seeking reconsideration of a court's *sua sponte* order, the Court will exercise its inherent authority to reconsider its own orders before they become final, see U.S. v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (confirming that district court has inherent jurisdiction and authority to modify, alter or revoke its own orders before they become final, "absent some applicable rule or statute to the contrary"), and consider Broadcom's motion.

Broadcom argues that this Court retains jurisdiction to proceed with the remand proceedings for two reasons. First, Broadcom contends that Qualcomm's notice of appeal was defective because it referred to a non-appealable interlocutory order. Broadcom Mem. at 3. Second, Broadcom submits that Qualcomm forfeited its right to appellate review of Judge Brewster's March 5, 2008 Remand Order because Qualcomm did not

---

[1]     The Advisory Committee Notes following Rule 60 clarify that "[t]he addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60 Advisory Committee Notes (1946 Amendment).

1  timely object to this Court's sanctions order, the review of which

2  resulted in Judge Brewster's Remand Order. <u>Id.</u> at 4. For these

3  reasons, Broadcom requests that the Court vacate its May 29, 2008 order

4  and resume the remand proceedings. <u>Id.</u> at 3-5.

5      The Court has considered all of the briefing and legal argument

6  submitted, including the briefing filed with the Federal Circuit

7  addressing Broadcom Corporation's Emergency Motion to Dismiss Appeal of

8  Qualcomm Incorporated (copies of which were attached to the pleadings

9  filed in this Court).[2] As both parties acknowledge,

> Where the deficiency in a notice of appeal, by reason of
> untimeliness, lack of essential recitals, or reference to a
> non-appealable order, is clear to the district court, it **may**
> disregard the purported notice of appeal and proceed with the
> case, knowing that it has not been deprived of jurisdiction.
> If the district court is in doubt as to whether the notice of
> appeal is inoperative by reason of some such defect, it **may**
> decline to act further until the purported appellee obtains
> dismissal of the appeal in the court of appeals.

15 <u>Ruby v. Sec'y of U. S. Navy</u>, 365 F.2d 385, 389 (9th Cir. 1966) (emphasis

16 added). While this Court has doubts about whether the Federal Circuit

17 will entertain Qualcomm's appeal of the Remand Order, it is not entirely

18 clear that the Remand Order was non-appealable. In light of the unusual

19 posture of this case, the Federal Circuit may decide that the Remand

20 Order was final as to Qualcomm or that appellate jurisdiction is

21 appropriate under the collateral order doctrine described in <u>Cohen v.</u>

22 <u>Beneficial Indus. Loan Corp.</u>, 337 U.S. 541 (1949). Because uncertainty

23 exists as to whether Qualcomm's notice of appeal is deficient and

24 because the issue is pending in the Federal Circuit, the Court declines

25 to act further until the Federal Circuit has ruled. <u>Ruby</u>, 365 F.2d at

26

27      [2]  As of the date of this order, this Court has not been notified of any

28 ruling by the Federal Circuit on Broadcom's emergency motion.

389.

In regard to Broadcom's second argument, Broadcom is correct that "a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996). However, the reality of the proceedings in this case, again, are not as procedurally clear as Broadcom suggests. As Qualcomm explains more thoroughly in the response it filed with the Federal Circuit, Qualcomm admits that it did not have objections to this Court's order sanctioning Qualcomm and six outside attorneys and, therefore, did not file objections with the district judge. Qualcomm Resp., Ex. A at 9. However, in response to the outside attorneys' objections to being denied the opportunity to submit privileged materials as part of their defense, Judge Brewster found that the self-defense exception to Qualcomm's attorney-client privilege applied.[3] See Doc. No. 744. Only then did Qualcomm have concerns about how the Remand Order would be applied and whether Qualcomm would be required to disclose attorney-client privileged documents. Qualcomm Resp., Ex. A at 10, 12 n.7. In light of these facts, this Court cannot say with absolute certainty that Qualcomm was required to have filed objections with the district judge before appealing and, thus, forfeited its right to appeal, Simpson, 77 F.3d at 1174, or that it is clear that this Court has not been deprived of jurisdiction, Ruby, 365 F.2d at 389.

---

[3] The issue of the whether or not the self-defense privilege applied was not squarely addressed in this Court's sanctions order because the Court previously had ruled on that issue, finding that the exception did not apply [see Doc. No. 669].

1    Furthermore, it has long been established that the rule that the
2    district court is divested of jurisdiction once a notice of appeal is
3    filed is judge-made and that "its purpose is to promote judicial economy
4    and avoid the confusion that would ensue from having the same issues
5    before two courts simultaneously." <u>Natural Res. Def. Council, Inc. v.</u>
6    <u>Southwest Marine Inc.</u>, 242 F.3d 1163, 1166 (9th Cir. 2001); <u>Masalosalo</u>
7    <u>v. Stonewall Ins. Co.</u>, 718 F.2d 955, 956 (9th Cir. 1983); 20 James Wm.
8    Moore, Moore's Federal Practice, § 303.32[1] (3d ed. 2000) (same); <u>Gilda</u>
9    <u>Industries, Inc. v. U.S.</u>, 511 F.3d 1348, 1352 (Fed. Cir. 2008) (same).
10   In this case, Judge Brewster already entered a final judgment, which
11   Qualcomm has appealed.  <u>See</u> Doc. Nos. 595, 621.  The outcome of that
12   appeal may impact the necessity for, or scope of, the remand proceedings
13   before this Court.  Therefore, this Court finds that judicial economy
14   favors not departing from the general rule that a notice of appeal
15   divests the district court of jurisdiction to proceed.

16                                  **CONCLUSION**

17       For the foregoing reasons, the Court **DENIES** Broadcom's Motion for
18   Reconsideration and declines to proceed with the remand proceedings at
19   this time.

20       **IT IS SO ORDERED.**
21   DATED:  July 7, 2008
22
23                                    BARBARA L. MAJOR
                                      United States Magistrate Judge
24

25   COPY TO:
26
     HONORABLE RUDI M. BREWSTER
27   U.S. DISTRICT JUDGE

28   ALL COUNSEL