UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>BROADCOM CORPORATION,<br><br>    Defendant.<br>_____<br>BROADCOM CORPORATION,<br><br>    Counterclaimant,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>    Counterdefendant.<br>_____ | Case No. 05cv1958-B (BLM)<br><br>**ORDER ON PENDING MOTIONS**<br><br>Doc. Nos. 792, 799, 804, 805, and 809 |

///
///
///
///
///
///

Presently before the Court are: (1) Broadcom's Motion to Compel Production of Documents [Doc. No. 792], (2) Responding Attorneys Batchelder, Mammen and Leung's ("BML") Motion to Compel Qualcomm to Produce Documents [Doc. No. 799], (3) Motion to Compel Responses to Stanley Young's Request for Production of Documents to Qualcomm [Doc. No. 804], (4) Responding Attorney Lee Patch's Motion to Compel Production of Documents by Qualcomm [Doc. No. 805], and (5) Qualcomm's Motion for Protective Order [Doc. No. 809]. Briefing on these motions was stayed pending the United States Court of Appeals for the Federal Circuit's decision on Qualcomm's appeal and the related cross-appeals. See Doc. No. 812. Following that Court's dismissal of the appeal, this Court issued a briefing schedule. Doc. No. 835. Pursuant to that schedule, the parties filed oppositions on October 3, 2008 [Doc. Nos. 838-843], and replies on October 10, 2008 [Doc. Nos. 849-850, 852-854]. The Court heard oral argument on the motions on October 29, 2008 at 2:00 p.m.

## BACKGROUND

The current proceedings stem from Broadcom's oral motion for sanctions during the trial of this case. During trial, Broadcom made an oral motion for sanctions when, contrary to Qualcomm's prior discovery responses and the testimony of its employees, it became apparent from documents disclosed during trial that Qualcomm had, in fact, participated in the Joint Video Team ("JVT"). Judge Brewster referred the discovery aspects of Broadcom's motion to this Court. Judge Brewster then issued his August 6, 2007 Order on Remedy for Finding of Waiver in which he found that Qualcomm's "counsel participated in an organized program of litigation misconduct and concealment throughout discovery, trial, and post-trial before new

counsel took over lead role in the case on April 27, 2007." Doc. No. 593 at 32. He further determined that:

> Qualcommm counsel's discovery responses demonstrate that they were able to locate with alacrity company records from December 2003 forward and find four or more Qualcomm employees participating in proceedings of the [Joint Video Team ("JVT")]. Yet inexplicably, they were unable to find over 200,000 pages of relevant emails, memoranda, and other company documents, hundreds of pages of which explicitly document massive participation in JVT proceedings since at least January 2002. These examples of Qualcomm counsel's indefensible discovery conduct belie counsel's later implied protestation of having been "kept in the dark" by their client.

Id. at 38. In light of the fact that Qualcomm's attorneys had neither notice nor an opportunity to be heard before their litigation conduct was impugned by the August 6, 2007 order, and in order to afford Qualcomm's attorneys an adequate opportunity to be heard on the potential imposition of attorney sanctions, this Court issued an Order to Show Cause Why Sanctions Should Not be Imposed ("OSC"). Doc. No. 599.

Following briefing and hearings on the sanctions issue, the Court denied the Qualcomm attorneys' motion for an order finding that the federal common-law self-defense exception to the attorney-client privilege applied. Doc. No. 669. On October 3, 2007, Qualcomm filed the declarations of four of its employees, all of which pointed at Qualcomm's outside counsel as being to blame for the massive discovery failure that occurred in this case. Doc. Nos. 681, 683-684, 688. The following week, the Court heard oral argument on the OSC.

On January 7, 2008, the Court issued an Order Granting in Part and Denying in Part Broadcom's Oral Motion for Sanctions. Doc. No. 718 ("Sanctions Order"). Therein, the Court explained why it found sanctions appropriate for Qualcomm and six of its outside attorneys.

Id.  The sanctioned attorneys filed objections with Judge Brewster. Doc. Nos. 720-723.

By order dated March 5, 2008, Judge Brewster determined that the four declarations filed by Qualcomm on October 3, 2007 "introduced accusatory adversity between Qualcomm and its retained counsel regarding the issue of assessing responsibility for the failure of discovery." Doc. No. 744 at 5 ("Remand Order").  Because he found that "this accusatory adversity changed the factual basis which supported [this] court's earlier order denying the self-defense exception to Qualcomm's attorney-client privilege," Judge Brewster vacated this Court's January 7, 2008 Sanctions Order as to the six attorneys who objected and remanded the case to this Court for further proceedings not inconsistent with his order.  Id. at 2, 5-6.

Five of the six attorneys, hereinafter referred to as the Responding Attorneys[1], and Broadcom served document requests on Qualcomm and each other as part of the Remand Proceedings.  This order addresses motions arising from disputes over the scope of the requested discovery.

## LEGAL STANDARD

The scope of discovery is defined by Rule 26(b) of the Federal Rules of Civil Procedure, which permits litigants to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial in order to be discoverable so long as it is "reasonably calculated to lead to the discovery of admissible evidence."  Id.  District courts enjoy broad discretion both to

---

[1] For purposes of this Order, the term "Responding Attorneys" refers to James Batchelder, Christian Mammen, Kevin Leung, Lee Patch, and Stanley Young.

determine relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and to limit discovery to prevent its abuse, see Fed. R. Civ. P. 26(b)(2).

A motion to compel is appropriate when a party fails to produce relevant documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete answer or response to a discovery request is to be "treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). A motion to compel must include certification that the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

Rule 26(c) allows a party from whom discovery is sought to move for a protective order. Fed. R. Civ. P. 26(c)(1). In ruling on such a motion,

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>   (A) forbidding the disclosure or discovery;
>
>   (B) specifying terms, including time and place, for the disclosure or discovery;
>
>   (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
>   (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>   ...

Id. Rule 26(c) "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." U.S. v. Columbia Broadcasting Sys., Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). "District courts need not condone the use of discovery to engage in 'fishing expedition[s].'" Rivera v. NIBCO, Inc.,

364 F.3d 1057, 1072 (9th Cir. 2004).

## DISCUSSION

Broadcom and each of the Responding Attorneys filed motions to compel production of documents by Qualcomm. The Responding Attorneys generally seek documents that will support their contention that Qualcomm affirmatively mislead the Responding Attorneys, that in light of the totality of the circumstances and Qualcomm's statements and assurances, there were no "red flags," and that the Responding Attorneys made reasonable inquiries. Broadcom seeks to compel responses to similar document requests.

In response to the Responding Attorneys and Broadcom's requests, Qualcomm objected to most of the requests on the grounds they (1) were not limited to "records discovery," (2) sought documents unrelated to "JVT and its parents, its ad-hoc committees, and any other topic regarding the standards-setting process for video compression technology,"[2] and (3) sought non-contemporaneous documents created before and after trial. Qualcomm further objected that some of the requests sought documents reflecting privileged communications between Qualcomm and DLA Piper LLP and/or Cravath, Swaine & Moore LLP - both firms that took over representation of Qualcomm after the trial concluded.

In its motion for a protective order, Qualcomm raises the same concerns listed above about the scope of the documents requested. It also seeks an order specifying that only a limited list of individuals will be entitled to view the documents produced during these Remand Proceedings and that all filings and arguments will be sealed. Finally,

---

[2] This language is quoted from Judge Brewster's Remand Order.

Qualcomm asks the Court to clarify that any documents produced during these Remand Proceedings are being produced pursuant to the self-defense exception and not as a result of any waiver on the part of Qualcomm.

The Responding Attorneys and Broadcom object to these restrictions, arguing that Qualcomm's limitations as to scope are not supported by Judge Brewster's Remand Order or the Court's findings to date. Additionally, they argue that the relevant case law does not support Qualcomm's distinction between application of the self-defense exception to the attorney-client privilege and waiver of the attorney-client privilege. BML believe that Qualcomm's decision to file the four employee declarations effected a waiver of its privilege and that BML now should be allowed to publicly file privileged documents necessary to vindicate themselves before this Court and the California State Bar.

**A.   General Scope of the Requests**

The purpose of these Remand Proceedings is to afford the Responding Attorneys their due process right to defend themselves and this Court, therefore, rejects Qualcomm's artificial narrowing of the scope of these proceedings. As Judge Brewster instructed, the Responding Attorneys "have a due process right to defend themselves **under the totality of the circumstances** presented in this sanctions hearing where their alleged conduct regarding discovery is in conflict with that alleged by Qualcomm concerning performance of discovery responsibilities." Remand Order at 5 (emphasis added). To accept the limitations suggested by Qualcomm would frustrate the fundamental purpose of applying the self-defense exception to the attorney-client privilege — to allow the lawyer access to privileged material **the lawyer** believes is reasonably necessary to vindicate himself. In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig., 120 F.R.D. 687, 692 (C.D. Cal. 1998).

Furthermore, this Court's Sanctions Order focused on the lawyers' affirmative duty to engage in discovery in a responsible manner and to conduct a "reasonable inquiry" to determine whether discovery responses were sufficient and proper. See, e.g., Sanctions Order at 14, 26 n.9, 27 (citing Fed. R. Civ. P. 26(g) and Fed. R. Civ. P. 26 Advisory Committee Notes (1983 Amendment)). In order for the Responding Attorneys to present evidence that they did conduct a "reasonable inquiry" before serving discovery responses and documents on Broadcom, the attorneys must be allowed access to discovery demonstrating what inquiries they made to Qualcomm and what responses and assurances were given by Qualcomm. For his part, Mr. Young also seeks discovery showing what information was and was not available to him and why his reliance on work and representations made by Qualcomm and Day Casebeer was reasonable. Contrary to Qualcomm's view, the discovery reasonably necessary to address these issues is broader than just "records discovery" because, for example, communications the Responding Attorneys had with Qualcomm that were unrelated to "records discovery" may well have impacted the Responding Attorneys' decisions about how to conduct records discovery.

The Court was guided by these principles in reviewing the reasonableness of the document requests and subpoenas issued in this case. Generally, the Court finds that the Responding Attorneys' and Broadcom's document requests are reasonable and that the requested documents are relevant to the instant dispute and the Responding Attorneys' ability to defend themselves. See Fed. R. Civ. P. 26(b). At the very least, the requests are reasonably calculated to lead to the discovery of admissible evidence. Id. However, the Court concludes that the appropriate time frame applicable to the requests should be

from July 1, 2005, a date a few months prior to Qualcomm's filing of its lawsuit against Broadcom when the parties anticipate that Qualcomm began its pre-filing investigation, to August 7, 2007, the final day on which Qualcomm produced documents to Broadcom in the underlying action. Responsive documents within this time frame must be produced unless they involved privileged communications <u>exclusively</u> between Qualcomm and DLA Piper LLP and/or Cravath, Swaine & Moore LLP.

**B.    Requests to Which Qualcomm Raised Specific Objections**

During the hearing, Qualcomm voiced specific objections to several of BML and Broadcom's requests. The Court addresses each specific objection in turn.

Qualcomm first objects that BML Request Nos. 4 and 5 are overbroad to the extent they are not limited to communications related to defending this litigation. These requests are as follows:

> <u>BML Request No. 4:</u>  All communications between or among Qualcomm personnel (including but not limited to Qualcomm's in-house legal staff), or between Qualcomm personnel and outside counsel in the litigation, that were written at any time between July 1, 2005 and January 31, 2007, and that evidence Qualcomm's efforts to determine whether and to what it [sic] extent Qualcomm participated in the JVT.
>
> <u>BML Request No. 5:</u>  All communications between or among Qualcomm personnel (including but not limited to Qualcomm's in-house legal staff), or between Qualcomm personnel and outside counsel in the litigation, that were written at any time between July 1, 2005 and January 31, 2007, and that evidence Qualcomm's efforts to determine whether and to what it [sic] extent Qualcomm was aware of the development of the H.264 standard during the period that standard was under development (i.e., December 2001 through May 2003).

Decl. of Timothy S. Blackford Supp. Qualcomm Inc.'s Mot. for Protective Order ("Blackford Decl."), Ex. A at 5-6. The Court **OVERRULES** Qualcomm's objection on the grounds that what Qualcomm knew, or attempted to learn, about its involvement in the JVT or awareness of the development of the H.264 standard during the time period in question is relevant to showing

1 whether Qualcomm affirmatively mislead the Responding Attorneys and
2 whether the discovery conduct of the Responding Attorneys was reasonable
3 under the totality of the circumstances.

4     Qualcomm next objects to BML Request No. 19, which seeks:

> <u>BML Request No. 19</u>:  All documents concerning Qualcomm's evaluation and modification of procedures, policies, or preferred practices for searching for documents and information in connection with litigation matters that took place after the trial of the litigation, including but not limited to internal communications and communications with attorneys from Day Casebeer Madrid & Batchelder LLP and about the evaluation and modifications of such procedures, policies, or preferred practices.

<u>Id.</u>, Ex. A at 9.  Qualcomm objects to the extent this request solicits documents that describe or reference Qualcomm's discovery procedures in litigation unrelated to the instant case.  In response to Qualcomm's objection, BML explained that they used the term "litigation matters" so that the request would encompass any generic or non-case specific documents concerning Qualcomm's procedures, policies, or preferred practices for searching for documents and information.  Having considered the parties' arguments, the Court **SUSTAINS** Qualcomm's objection to the extent it seeks to exclude from production documents pertaining specifically to other litigation.

    Finally, Qualcomm objects to Broadcom Request Nos. 119 and 120, which seek:

> <u>Broadcom Request No. 119</u>:  All documents relating to identification and preparation of Qualcomm's Rule 30(b)(6) witnesses concerning the H.264 standard and Qualcomm's participation in the JVT, ISO, IEC, and ITU-T, including without limitation documents constituting, referring to, or evidencing communications between or among any of Qualcomm, its employees, its Outside Counsel, and its agents regarding such search, collection, and/or production.
>
> <u>Broadcom Request No. 120</u>:  All documents relating to identification and preparation of Qualcomm's deposition and trial witnesses concerning the H.264 standard and Qualcomm's participation in the JVT, ISO, IEC, and ITU-T, including

```
        without limitation documents constituting, referring to, or
        evidencing communications between or among any of Qualcomm,
        its employees, its Outside Counsel, and its agents regarding
        such search, collection, and/or production.
```

Id., Ex. G at 39.  Qualcomm objects to the scope of these requests on the grounds that they are overbroad and may require production of privileged documents not related to the scope of the instant dispute. However, Qualcomm acknowledged during the hearing that it did not know whether there were such privileged and responsive documents.  The Court **OVERRULES** Qualcomm's objection **WITHOUT PREJUDICE**.  Qualcomm must produce responsive documents in accordance with the provisions of this Order.

**C.   Protective Order**

     The Court recognizes that the nature of the current dispute, the nature of the requested documents, and the existence of other pending litigation between Qualcomm and Broadcom do place Qualcomm in a vulnerable position.  Accordingly, the Court acknowledges the need to enter an appropriate protective order to prevent public disclosure of the documents produced during this stage of discovery, to limit the recipients of the documents Qualcomm discloses, and to restrict the use of the produced documents.  To that end, the Court orders as follows:

    1.   Responsive documents produced pursuant to the self-defense exception and this Order may be disclosed to the following persons[3] only:

        a.   The attorneys of record in the Remand Proceedings for Qualcomm, Broadcom and the Responding Attorneys, as well as any attorneys who have

---

[3] This list is composed of those individuals and entities proposed by Qualcomm in its Motion for Protective Order [Doc. No. 809] and agreed upon by all parties during the October 29, 2008 hearing.

|  |  | represented or are representing the Responding Attorneys in proceedings directly related to the Remand Proceedings; |
|---|---|---|
|  | b. | The Responding Attorneys; |
|  | c. | In-house counsel at Broadcom working directly on this matter; |
|  | d. | Former Heller Ehrman LLP attorneys who were involved in this case during the time frame set forth above or to whom Mr. Young's counsel is required to report regarding the status of the Remand Proceedings; |
|  | e. | Outside counsel for Day Casebeer Madrid & Batchelder LLP ("Day Casebeer") and current Day Casebeer attorneys who were involved in this case during the time frame set forth above; |
|  | f. | All agents, consultants, experts retained or consulted by the Responding Attorneys, and/or insurance company representatives who are providing coverage to the Responding Attorneys; |
|  | g. | The district judge and magistrate judge assigned to this case and their respective staffs; |
|  | i. | Any certified shorthand reporters or stenographers retained to create a formal record of the Remand Proceedings; and, |
|  | g. | Such other persons as may be designated by written agreement or by Court order. |
| 2. |  | Documents produced during the Remand Proceedings only may be used in the instant litigation and by the |

        Responding Attorneys to defend themselves in related litigation, including proceedings before the California State Bar. The produced documents shall not be used by any party or person for any other purpose, unless such use is authorized by subsequent order of this Court.

3. Any disclosure or production of documents during these Remand Proceedings is made pursuant to this Court's Order and the self-defense exception to the attorney-client privilege and shall not be viewed as a consent or waiver of any privilege or work product immunity on the part of Qualcomm.

4. This protective order covers all requests, subpoenas and other discovery propounded by or responded to by any party to the Remand Proceedings.

Once all responsive documents have been produced and reviewed, the Responding Attorneys will determine the documents and information they believe are reasonably necessary to their defense. The parties shall then meet and confer regarding what may be filed in the public record pursuant to the self-defense exception and/or an implied waiver based upon Qualcomm's conduct. If necessary, the Court will issue a briefing schedule to address any issues on which the parties cannot agree.

**D.   Scheduling**

During the hearing, the Court discussed with counsel how best to initiate the meet and confer process regarding document custodians and which search terms to use. The parties agreed that it made sense for Qualcomm to provide BML and Broadcom with a list of custodians likely to have documents responsive to each request and then for the parties to meet and confer regarding search terms. Qualcomm agreed to provide

a list of custodians to opposing counsel by October 31, 2008.

Qualcomm also agreed to provide responsive documents in an electronic, searchable format. The Court orders it to do so and further orders the parties to immediately begin producing responsive documents.[4]

In order to monitor the parties' compliance with this Court's order to produce documents, and to discuss with counsel appropriate deadlines and scheduling, the Court hereby sets a <u>telephonic</u>, <u>attorneys-only</u> Case Management Conference for **December 4, 2008** at **2:00 p.m.** Qualcomm is directed to make arrangements to initiate the call.

## CONCLUSION

For the foregoing reasons, all of the pending motions [Doc. Nos. 792, 799, 804, 805, 809] are **GRANTED IN PART AND DENIED IN PART**. The parties shall immediately begin producing responsive documents pursuant to the limitations set forth in this Order.

**IT IS SO ORDERED.**

DATED: November 7, 2008

_Barbara F. Major_
BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE RUDI M. BREWSTER
U.S. DISTRICT JUDGE

ALL COUNSEL

---

[4] In order to avoid undue burden and expense, and potential duplication of discovery efforts, the parties shall complete their respective document productions and review before beginning deposition discovery. See Fed. R. Civ. P. 26(b)(2)(C) & 26(c). If the parties are unable to agree upon a schedule for depositions, the Court will issue a scheduling order.